Octavio **MESTRE MORERA**, Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 72–1006.

United States Court of Appeals,
First Circuit.

Submitted May 15, 1972.

Decided May 19, 1972.

Wilfredo A. Geigel, Santurce, P. R., on brief for petitioner.

John L. Murphy, Chief, Administrative Regulations Section, Crim. Div., and Donald B. Nicholson, Atty., Dept. of Justice, on brief for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner, Octavio Mestre Morera, is a native-born Cuban. In 1969, at the age of 19, he was sentenced to the custody of the Attorney General, pursuant to 18 U.S.C. § 5010(b), as a youth offender, having been convicted of conspiring to possess marihuana known to be unlawfully imported. 21 U.S.C. § 176a. The provision under which he was ordered deported is section 241(a) (11) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a) (11). He opposed the INS order on the ground that the conviction was not final, it being possible that it would ultimately be expunged pursuant to 18 U.S.C. § 5021(a).[1] In this he was unsuccessful, and he now seeks review.

Prior to the matter reaching this court, petitioner did in fact receive a certificate of expunction. Respondent is willing, indeed urges us, to consider the case in this light rather than to remand, since only a question of law is involved. We accede.

It is true that in Hernandez-Valensuela v. Rosenberg, 9 Cir., 1962, 304 F.2d 639, one of a series of cases in the Ninth Circuit, the court held an alien sentenced under the Youth Corrections Act deportable immediately even though

1. § 5021. Certificate setting aside conviction

(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.

there was a possibility of his ultimately receiving a section 5021(a) certificate. The court gave short shrift to the effect of such a certificate. We do not agree.

■ The clear purpose for the automatic setting aside of a youthful offender's conviction if he responds satisfactorily to treatment under the Youth Correction Act is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction. *See* U.S. Code Congressional Service, 81st Cong., 2d Sess., pp. 3391–3392 (1950). We cannot imagine a more complete deprivation of a second chance than deportation. We are unable to presume that Congress, without any reference to such an intent, meant in section 5021 to provide for setting aside a conviction for some purposes but not for others.

The Service itself recognized the cogency of this reasoning in Matter of Nagy, 1968, 12 I. & N. Dec. 623, in which it held that an alien whose conviction for a "crime involving moral turpitude" had been expunged under section 5021 could not be deported under section 241(a) (4). The Service now seeks to distinguish the instant case on the theory that it involves a deportation under section 241(a) (11) for a narcotics conviction, arguing that, as evidenced by section 241(b),[2] Congress has enunciated a strong national policy of deportation of aliens involved in the narcotics traffic which should not be required to defer to a technical erasure of a conviction. Regardless of how compelling this argument may be when the expunction is of a state conviction under an unusual state procedure, *see* Garcia-Gonzales v. INS, 9 Cir., 1965, 344 F.2d 804, cert. denied 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed. 2d 81; Matter of A—F—, 1959, 8 I. & N. Dec. 429, 441–46; *but see* Kelly v. INS, 9 Cir., 1965, 349 F.2d 473, 474–480 (Ely J., dissenting), cert. denied, 382 U.S. 932, 86 S.Ct. 326, 15 L.Ed.2d 344, we are unpersuaded when it is the Youth Correction Act that is involved. Section 5021 clearly contemplates more than a "technical erasure;" it expresses a Congressional concern, which we cannot say to be any less strong than its concern with narcotics, that juvenile offenders be afforded an opportunity to atone for their youthful indiscretions. That section 241(b) provides that neither an executive pardon nor a judicial recommendation of leniency can prevent deportation for a narcotics conviction does not evince a clear intention that a section 5021 certificate should also be ineffective as to such deportations. Pardon and leniency at most restore to an offender his civil rights; neither is as clearly directed as the Youth Correction Act toward giving him a second chance, free of *all* taint of a conviction. Tatum v. United States, 1962, 114 U.S.App.D.C. 49, 51, 310 F.2d 854, 856. *See also* Matter of Nagy, supra. Indeed, the presence of section 241(b) suggests to us that if Congress had intended a section 5021 certificate to be inoperative with respect to section 241(a) (11), it would expressly have said so.[3]

The order is set aside.

---

2. Subsection (b) provides that a crime as to which there has been a full Presidential pardon, or as to which the sentencing judge shall recommend against deportation, shall have no operative effect. However, narcotic offenses are expressly excluded from this provision.

3. *See also* 26 U.S.C. § 7237(d), which provides, in effect, that certain provisions of the Youth Correction Act, not including sections 5010(b) or 5021, shall not be available to those convicted of narcotics violations.