UNITED STATES of America,
Plaintiff-Appellant,

v.

Glen Stewart FRYER,
Defendant-Appellee.

No. 76–1058.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1976.

Decided Nov. 23, 1976.

Rehearing and Rehearing En Banc
Denied Feb. 2, 1977.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, James D. Jensen, Toledo, Ohio, for plaintiff-appellant.

Walter L. White, Lima, Ohio, for defendant-appellee.

Before EDWARDS, PECK and LIVELY, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The United States appeals from an order of the district court setting aside and vacating the conviction and sentence imposed upon the defendant-appellee for violations of the federal firearms law. The order also dismissed the charges against the defendant on which the conviction and the sentence were based.

The defendant had been sentenced to three years imprisonment after having pled guilty on April 11, 1975, to five counts of a ten-count indictment. The guilty plea had been made to four counts of violating 18 U.S.C. App. § 1202(a)[1] for illegal possession of firearms and to one count of violating 18 U.S.C. § 922(a)(6)[2] for making a false statement to a federally licensed seller of firearms in connection with the purchase of a firearm. Possession of firearms by a person having a felony conviction is forbidden by 18 U.S.C. App. § 1202(a). Under 18 U.S.C. § 922(a)(6), a person convicted of a felony who does not disclose that fact when he attempts to purchase a firearm from a federally licensed seller of firearms makes a misrepresentation in violation of the section.

In 1971 defendant had been convicted of smuggling in violation of 18 U.S.C. § 545 in

---

1. 18 U.S.C. § 1202(a)

   (a) Any person who—

    (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

    (2) has been discharged from the Armed Forces under dishonorable conditions, or

    (3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or

    (4) having been a citizen of the United States has renounced his citizenship, or

    (5) being an alien is illegally or unlawfully in the United States,

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. 18 U.S.C. § 922(a)(6)

   (a) It shall be unlawful—

    (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

the District Court for the Eastern District of California. At the time he pled guilty in 1975 to the firearms charges, the 1971 smuggling conviction provided the basis of the 18 U.S.C. § 922(a)(6) charge, because at the time of the purchase of a revolver defendant did not disclose to the seller the smuggling conviction, and of the 18 U.S.C. App. § 1202(a) charge of possession.

Defendant, however, had been sentenced for the 1971 offense to a period of probation under a provision of the Youth Corrections Act, 18 U.S.C. § 5010(a).[3] When he was unconditionally discharged from his probation, his conviction was set aside and vacated pursuant to another provision of the Youth Corrections Act, 18 U.S.C. § 5021(b). After this information was presented to the district court in the present case, the conviction and the sentence for the firearms violations were set aside and vacated. In a case of first impression, the district court held that a felony conviction set aside by the federal Youth Corrections Act cannot constitute the prior felony conviction needed as an essential element in firearms crimes under 18 U.S.C. App. § 1202(a) and 18 U.S.C. § 922(a)(6). *United States v. Fryer*, 402 F.Supp. 831 (N.D.Ohio 1975).

We affirm. The district court correctly determined that the Youth Corrections Act is by legislative design an expungement statute, and that the word "convicted" in 18 U.S.C. App. § 1202(a)(1) cannot be read to include a conviction expunged from the record by the Youth Corrections Act. Congress did not intend that the Youth Corrections Act set aside convictions for some purposes but not others. *Morera v. United States Immigration & Naturalization Service*, 462 F.2d 1030 (1st

Cir. 1972); *Tatum v. United States*, 114 U.S.App.D.C. 49, 310 F.2d 854 (1962); *United States v. Glasgow*, 389 F.Supp. 217 (D.D.C.1975); Testimony of Judge Bolitha J. Laws, Hearings on S. 1114 and S. 6209 before the Subcomm. of the Sen. Comm. of the Judiciary, 81st Cong., 1st sess. at 13, 19 (1949); Testimony of Judge John J. Parker, id. at 45. But see *United States v. Kelly*, 519 F.2d 794 (8th Cir. 1975); *United States v. Mostad*, 485 F.2d 199 (8th Cir. 1973); *Garcia-Gonzales v. United States Immigration & Naturalization Service*, 344 F.2d 804 (9th Cir. 1965); *Fite v. Retail Credit Co.*, 385 F.Supp. 1045 (D.Mont.1975). Therefore, defendant did not have the prior felony conviction that would put him in violation of 18 U.S.C. App. § 1202(a). Nor could he be in violation of 18 U.S.C. § 922(a)(6) for misrepresenting that he was not a convicted felon because he was not in fact a convicted felon.

The Youth Corrections Act is a statute aimed at the rehabilitation of young offenders convicted in the federal courts. *Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); Sen.Rpt.No.1180, 81st Cong., 2d sess. (1950); H.R.Rpt.No.2979, 81st Cong., 2d sess. (1950); U.S.Code Cong.Serv. 1950, p. 3983. In order to allow the Act to fulfill its intended purpose, the statute should be read to give the offender a second chance free from any record of conviction. *United States v. Glasgow*, 389 F.Supp. 217, 224 (D.D.C.1975). In the words of the district court:

"Not to allow to one whose conviction has been set aside under the provisions of the Youth Corrections Act the same rights as other citizens never convicted is to thwart and rebuff the underlying pur-

---

**3.** The opinion of the district judge relates that an initial examination of defendant's 1971 smuggling conviction in the District Court for the Eastern District of California showed that he had been sentenced as an adult. After the defendant's guilty plea to the firearms violations in this case, the defendant's attorney discovered that defendant had been adjudged a young adult offender by the federal court in California pursuant to 18 U.S.C. § 4209. The federal court in California recognized their cler-

ical error and modified its judgment and order of probation to show that the probation was granted under the Youth Corrections Act pursuant to 18 U.S.C. § 5010(a). Also, an order of discharge from probation and a certificate of vacation of conviction pursuant to the Youth Corrections Act provision 18 U.S.C. § 5021(b) were filed *nunc pro tunc* to June 22, 1973. The full benefits of the Youth Corrections Act were thus extended to the defendant.

poses of the Act. When the House and Senate Committees filed their reports with Congress, they were most concern with the feasibility of the plan, with whether or not it would work. See, U.S. Code and Cong.Service, 81st Cong., 2d sess. (1950) at p. 3987. If this Court holds that a young adult whose conviction has been set aside does not have the same rights to possess firearms as other citizens, it will have answered Congress's question in the negative. Such a ruling would, in effect, state that the youth has not been rehabilitated, that he cannot be trusted and that he does not deserve a second chance." 402 F.Supp. at 837.

This decision is in harmony with *Cassity v. United States,* 521 F.2d 1320 (6th Cir. 1975). In *Cassity* this Court held that a misrepresentation in violation of 18 U.S.C. § 922(a)(6) would be present if a person attempted to purchase firearms from a federally licensed seller and did not disclose any felony conviction not yet set aside or invalidated. The Court thus decided that if a felony conviction is not disclosed at the time the firearm is purchased, there would be a violation of § 922(a)(6) even though later the conviction is found to be infirm for constitutional reasons. *Cassity* seems to assume, however, that a felony conviction already set aside could well not have to be disclosed.

"We conclude that Congress, in enacting § 922(a)(6), intended that a person convicted of a crime truthfully disclose that fact when purchasing a firearm, even if such conviction is later found to be constitutionally infirm, at least where the conviction has not prior thereto been declared invalid or otherwise set aside." 521 F.2d at 1322.

We now hold that a conviction already set aside under the Youth Corrections Act cannot constitute a conviction for the purpose of 18 U.S.C. App. § 1202(a) or 18 U.S.C. § 922(a)(6).[4]

4. When Fryer purchased the revolver in September, 1974 in violation of 18 U.S.C. § 922(a)(6) and possessed firearms when arrested in October, 1974 in violation of 18 U.S.C. App. § 1202(a), his 1971 conviction had been already set aside. The clerical error in the federal court of California cannot fairly prejudice Fryer.