UNITED STATES of America, Appellee,

v.

Norman Walter PURGASON, Appellant.

No. 77–1061.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1977.

Decided Nov. 15, 1977.

Ian M. Rodway for appellant.

Richard C. Owens, U. S. Dept. of Justice (William B. Cummings, U. S. Atty., Alexandria, Va., and Roger A. Pauley, U. S. Dept. of Justice, Washington, D. C., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and FIELD, Senior Circuit Judge.

FIELD, Senior Circuit Judge:

Norman Walter Purgason was convicted for illegal possession of firearms under 18 U.S.C.App. § 1202(a)(1)[1] and illegal receipt of a firearm under 18 U.S.C. § 922(h)(1).[2] Upon this appeal Purgason contends, as he did in the district court, that a felony conviction which has been set aside under the provisions of 18 U.S.C. § 5021(b) of the Youth Corrections Act cannot constitute a prior felony conviction which is an essential element of the firearms crimes of which he was convicted.

The stipulated facts show that on December 17, 1971, in the District Court for the Eastern District of Virginia, Purgason was convicted of a felony based upon a violation of 18 U.S.C. § 661 for theft of personal property having a value in excess of $100.00. The district court elected to treat Purgason as a youth offender and placed him on probation pursuant to 18 U.S.C. § 5010(a). On December 12, 1973, prior to the expiration of the probation period, the district court entered an order setting aside Purgason's conviction pursuant to 18 U.S.C. § 5021(b) and issued to him the appropriate certificate.[3] It was this conviction upon which the government relied in charging Purgason with the firearm violations.

The Government argues that Purgason is asking us to construe Section 5021(b) as a statute of expunction and relies heavily upon *United States v. McMains*, 540 F.2d 387 (8 Cir. 1976), in which the court rejected such a construction. We think, however that *McMains* is inapposite for in that case

the youth offender was asking the court to expunge the *record* of the conviction as well as the conviction itself. The court noted that there was disagreement in regard to the breadth of the statute, but concluded that it conferred no right to expunge the record of a conviction which had been set aside.

We find it unnecessary to decide whether the statute is one of expunction in the broad sense of that term for the answer to the present case is found in the plain language of Section 5021(b) which states that the unconditional discharge from probation "shall automatically set aside the conviction * * *." To us it is clear that a conviction which is set aside by the court is vacated and can have no further operative effect. Aside from the clarity of the statutory language, such a construction is consistent with the rehabilitative purposes of the Youth Corrections Act which was designed to permit youthful offenders to lead their lives free from the stigma and effects of a felony conviction.[4] Our conclusion accords with that reached by the Sixth Circuit, the only other court of appeals which has had occasion to consider this question. *United States v. Fryer*, 545 F.2d 11 (1976).

As an additional argument the Government refers to the exemptive provisions of Sections 1203(2) and 925(c) which provide, in effect, that the firearms statutes shall not apply to individuals who have received pardons or who have been specifically relieved from the statutory disabilities by the Secretary of the Treasury. The Govern-

1. 18 U.S.C.App. § 1202(a)(1) provides in pertinent part:

   Any person who . . . has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, . . . any firearm shall be fined not more than $10,000 or imprisoned not more than two years, or both.

2. 18 U.S.C. § 922(h)(1) provides in pertinent part:

   It shall be unlawful for any person . . . who has been convicted in any court of . . a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm . . . which has been

shipped or transported in interstate or foreign commerce.

3. 18 U.S.C. § 5021(b) provides:

   Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

4. *See generally, Hearings on S. 1114 and S. 2609 Before a Subcomm. of the Senate Comm. on the Judiciary,* 81st Cong., 1st Sess. 14 (1949).

ment contends that such relief from the executive branch is exclusive, and that Purgason does not fall within the ambit of these exemptive provisions. We find no merit in the Government's position for these statutory provisions were designed to apply to convictions which were otherwise outstanding. In our opinion they do not apply to an individual in Purgason's position where the conviction itself is no longer viable as a result of the action of the court in setting it aside.

Since we conclude that Purgason's prior conviction was improperly used as the basis for the charges against him, the convictions are reversed.

REVERSED.