NEW BANNER INSTITUTE, INC., Appellant,

v.

G. R. DICKERSON, Director Bureau of Alcohol, Tobacco and Fire Arms, Appellee.

No. 80–1141.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 13, 1980.

Decided May 6, 1981.

Rehearing and Rehearing En Banc Denied Aug. 25, 1981.

Jack F. McGuinn, Columbia, S. C. (Lewis C. Lanier, Columbia, S. C., on brief), for appellant.

Mary Ellen Goman Slocum, Asst. U. S. Atty., Columbia, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Lincoln C. Jenkins, III, Asst. U. S. Atty., Columbia, S. C., on brief), for appellee.

Before WINTER and PHILLIPS, Circuit Judges, and FIELD, Senior Circuit Judge.

JAMES DICKSON PHILLIPS, Circuit Judge:

On this appeal, New Banner Institute, Inc. (New Banner) challenges the refusal of the district court to set aside the decision of the Director of the Bureau of Alcohol, Tobacco and Firearms (ATF) revoking New Banner's licenses as a dealer in firearms under 18 U.S.C. § 923(e). New Banner was found not entitled to the licenses because David Kennison, chairman of its board, had been "convicted" in Iowa of a crime that had the effect of preventing him from shipping, transporting or receiving firearms in interstate commerce under section 922(g) and (h). *See id.* § 923(d)(1)(B). We hold, however, that the earlier expunction of Kennison's conviction under Iowa's deferred judgment statute made inappropriate consideration of that conviction as a predicate conviction for purposes of section 922(g) and (h). Accordingly, we reverse the judgment of the district court and remand with instructions.

I

Kennison was arrested in Iowa in September 1974 on a charge of kidnapping, and in January 1975 he pleaded guilty to a

charge of carrying a concealed weapon, a crime that under Iowa law permits a sentence of more than one year. *See* Iowa Code § 695.3. Pursuant to Iowa Code § 789A.1, however, the Iowa court deferred judgment and placed Kennison on one year's probation. Upon Kennison's successful completion of his probationary term, the trial court, on February 5, 1976, discharged him without entry of judgment and expunged his record as provided under Iowa Code § 789A.6.

New Banner submitted its applications for three licenses to deal in firearms on May 14, 1976. These applications required that the applicant list all "responsible persons" as defined and asked the question whether any person so listed had been convicted of a crime punishable by imprisonment for a term exceeding one year. Kennison was listed as a responsible person, but his conviction was not reported. This was done upon the advice of counsel, the attorney who had represented Kennison on the Iowa charge, the Iowa trial judge who had sentenced Kennison, South Carolina officials charged with the regulation of firearms in that state and an official of ATF at its Columbia, South Carolina office. From this advice it was concluded that Kennison's conviction need not be reported because the Iowa case against him had been closed without entry of judgment. The licenses were granted by ATF on the basis of these applications.

In December 1976, however, New Banner received a letter from the ATF Regional Counsel stating that "subsequent investigation" had revealed Kennison's conviction in Iowa on the concealed weapon charge, a crime punishable by imprisonment in excess of one year. The Regional Counsel stated his belief that New Banner's applications were, therefore, false with respect to Kennison's having been convicted. Counsel also remarked that Kennison's conviction justified denial of New Banner's licenses under 18 U.S.C. § 923(d)(1)(B), which provides that ATF may deny a license to a corporation if "any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and poli-

cies of the corporation . . . is . . . prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under section 922(g) and (h) of this chapter." Subsections 922(g) and (h) in turn make it unlawful for any person "convicted" of a "crime punishable by imprisonment for a term exceeding one year" to ship, transport or receive firearms or ammunition in. interstate commerce. The Regional Counsel concluded by stating that, since New Banner had been given an opportunity to surrender its licenses and had failed to do so, ATF planned to seek revocation of those licenses for the reasons stated in the letter under section 923(e).

The Regional Regulatory Administrator of ATF issued Notices of Contemplated Revocation of License to New Banner pursuant to 27 C.F.R. § 178.73. The reason given in these notices for the contemplated revocation was the failure of New Banner to list Kennison in its applications for licenses as a "responsible person" who had been convicted of a crime punishable by imprisonment exceeding one year in violation of 18 U.S.C. § 924(a).

Following an informal hearing and the issuance of Notices of Revocation of License that alleged that "the licensee wilfully violated the provisions of the Gun Control Act of 1968," New Banner requested a formal hearing before an administrative law judge. At this hearing both New Banner and the ATF presented evidence and legal argument on the issue whether Kennison had been "convicted" in Iowa. ATF then contended that New Banner's licenses could be revoked either because it had failed to include Kennison's felony "conviction" in its license applications in violation of section 924(a) or because it was not entitled to a license under section 923(d)(1)(B).

The ALJ, however, rejected both of ATF's contentions, and in his Recommended Decision denied revocation of New Banner's licenses. He found that New Banner had not "willfully" failed to include Kennison's "conviction" in its applications as required by section 924(a) because it "honestly be-

lieved" that Kennison had not been "convicted." He further found that ATF could not now base revocation of New Banner's licenses on a violation of section 923(d)(1)(B) because it had never given New Banner "notice" of this charge.

The Director of ATF, however, approved the ALJ's decision only in part. He found that the ALJ had properly denied revocation based on a violation of the section 924(a) application requirements because that section requires a "knowing" failure, which had not been shown. The Director, on the other hand, held that revocation was properly based on a violation of section 923(d)(1)(B). He concluded that, looking at the whole proceeding, New Banner had been given the opportunity to defend and had actually litigated the charge of violation of section 923(d)(1)(B). After a review of the relevant case law, he found that under either federal or Iowa law, Kennison had been "convicted" despite application of the Iowa deferred judgment statute. The Director therefore concluded that Kennison would be prohibited from shipping, transporting or receiving firearms or ammunition under section 922(g) and (h). He then found, based on an examination of the abundant evidence in the record, that Kennison was an individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of New Banner. He therefore held that New Banner should have been denied its licenses under section 923(d)(1)(B) and that this violation could serve as the basis for revocation of those licenses under section 923(e). The district court upheld this disposition by the Director.

II

■ Although New Banner has asserted a number of statutory and constitutional challenges to the Director's revocation of its firearms licenses, we need only address the issue of Kennison's Iowa "conviction" inasmuch as our resolution of that issue is dispositive of this appeal. *See Hagans v. Lavine*, 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974). The question wheth-

er a person has been "convicted" for purposes of the federal firearms law is ultimately one of federal law, regardless of whether the alleged predicate "conviction" resulted from a violation of federal or state law. *See, e. g., United States v. Lehmann*, 613 F.2d 130, 135 (5th Cir. 1980); *United States v. Benson*, 605 F.2d 1093, 1094–95 (9th Cir. 1979). *Contra United States v. Brzoticky*, 588 F.2d 773, 775 (10th Cir. 1978). Applying federal law in this case, Kennison's plea of guilty to the Iowa charge of carrying a concealed weapon must be regarded as a "conviction" because, as the Supreme Court held in *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), a "plea of guilty . . . is itself a conviction." *See United States v. Benson*, 605 F.2d at 1095. Therefore, it is clear that, at least during the period of Kennison's probation on the Iowa charge, his "conviction" on that charge would have barred him from shipping, transporting or receiving firearms under section 922(g) and (h). *See, e. g., United States v. MacGregor*, 617 F.2d 348 (3d Cir. 1980); *Barker v. United States*, 579 F.2d 1219, 1226 (10th Cir. 1978).

■ The Supreme Court, however, has recently recognized that, while "the fact of a felony conviction imposes a firearm disability," that disability may be removed by the vacation of the conviction on appeal or "by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury." *Lewis v. United States*, 445 U.S. 55, 60–61, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980). Thus, the question is the effect, if any, of the expunction of Kennison's record under Iowa's deferred judgment statute for purposes of the Gun Control Act of 1968.

In *United States v. Purgason*, 565 F.2d 1279, 1280 (4th Cir. 1977), we addressed an analogous question in holding that a conviction that had been expunged under the federal Youth Corrections Act had "no further operative effect" and therefore could not be used as the predicate conviction in a prosecution under 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a)(1). In *Purgason* we

relied in part on the decision of the Sixth Circuit in *United States v. Fryer*, 545 F.2d 11, 13 (6th Cir. 1976), that "the Youth Corrections Act is by legislative design an expunction statute, and that the word 'convicted' in 18 U.S.C.App. § 1202(a)(1) cannot be read to include a conviction expunged from the record by the Youth Corrections Act." *Purgason* and *Fryer*, in turn, were recently cited by the Fifth Circuit in support of its holding that a conviction under the Gun Control Act could not be premised on a conviction that had been expunged under the Youth Corrections Act. *United States v. Arrington*, 618 F.2d 1119, 1124 (5th Cir. 1980).

In the present case we are, of course, confronted with the effect of a state expunction statute, which introduces principles of federalism into the calculus. Most of the courts that have considered the question have upheld use of an expunged state conviction as the predicate for conviction under the Gun Control Act. They have reasoned that, because the definition of "convicted" for purposes of the Gun Control Act is a question of federal law, state expunction statutes or state court interpretations of the effects of those statutes are irrelevant to resolution of that question. *See, e. g., United States v. Lehmann*, 613 F.2d at 135. In divining federal law, however, these courts have looked only to the provisions of the Gun Control Act itself, and, finding no express exclusion of expunged convictions in the Act, they have upheld firearms convictions premised on expunged state convictions. *See, e. g., United States v. Bergeman*, 592 F.2d 533, 536 (9th Cir. 1979); *United States v. Mostad*, 485 F.2d 199, 200–01 (8th Cir. 1973). The ultimate rationale for decision in those cases is, therefore, the failure of Congress specifically to address the use of expunged convictions under the Act—a rationale that would apply to convictions that have been expunged under either state or federal statutes.

This rationale, however, was implicitly rejected by the courts in *Arrington, Purgason* and *Fryer*. Moreover, the Tenth Circuit, in considering a prosecution under 18 U.S.C. § 922 that was predicated on a conviction that had been expunged subsequent to the commencement of the federal prosecution, implied that, had the state conviction been expunged prior to commencement of the federal proceeding, it could not have served as the basis for a federal firearms conviction. *United States v. Brzoticky*, 588 F.2d at 775. A few months later, the same court stated that, without regard to whether the predicate conviction is a federal or state one, "once one is convicted of a felony he is within the proscription against possession of firearms until that prior conviction is *actually* overturned or expunged." *Barker v. United States*, 579 F.2d at 1226 (emphasis in original).

We find the reasoning of the courts in the Youth Corrections Act cases and of the Tenth Circuit in *Brzoticky* and *Barker* to be more persuasive than that followed by the courts that have upheld use of an expunged predicate conviction in a prosecution under the Gun Control Act. There are two cogent justifications for this choice.

■ First, by holding in *Lewis* that a firearms disability may be removed by vacation of the predicate conviction on appeal, the Supreme Court has recognized that convictions other than those expressly excluded from consideration by the terms of the Gun Control Act may not be used as the predicate for a federal firearms conviction. The *Lewis* Court viewed "the language Congress chose as consistent with the common-sense notion that a disability based upon one's status as a convicted felon should cease only when the conviction upon which that status depends has been vacated." *Lewis v. United States*, 445 U.S. at 61 n.5, 100 S.Ct. at 918 n.5. We think this "common-sense notion" applies whether the predicate conviction has been vacated by appeal or by unconditional expunction.

■ Second, while it is undoubtedly true that the construction of the word "convicted" used in the Gun Control Act is a matter of federal law, it is not at all inconsistent with that principle to find that Congress intended that a person whose conviction has

been expunged under a state statute not be considered any longer "convicted." At least one court has found that it would be "anomalous" to pin the decision whether a person is a convicted felon at the time of a federal firearms prosecution on whether that person's conviction has been expunged under the law of the state in which he happened to be convicted. *United States v. Bergeman,* 592 F.2d at 537. Congress has expressly chosen to rely on state law in the federal firearms legislation, however, by allowing the various states to decide which crimes will carry the possibility of a sentence in excess of one year that is necessary to trigger a federal firearms disability. *See* 18 U.S.C. § 922(g) and (h). Indeed, had Kennison been convicted in his native South Carolina, where a charge of carrying a concealed weapon does not carry a sentence of greater than one year, rather than Iowa, where the same charge is a felony, he never would have been subjected to a disability. Therefore, we see no anomaly in finding that Congress also intended to rely on state law for one method of removing that disability.

■ Because an expunction under the Iowa "deferred judgment" statute, like one under the federal Youth Corrections Act, is unconditional and absolute, *see State v. Farmer,* 234 N.W.2d 89, 92 (Iowa 1975) (dictum), we find that the rationale used by this court in *Purgason* is equally applicable in this case. Therefore, we hold that, while Kennison was under a firearms disability during the period of his probation on the Iowa charge, the expunction of that charge upon the successful completion of his probation effectively removed that disability. Since the expunction occurred prior to the ATF's attempted revocation of New Banner's licenses, there was no ground for that revocation. Therefore, we reverse the decision of the district court and remand the case to that court with instructions that it vacate the ATF's revocation of New Banner's licenses to deal in firearms.

REVERSED AND REMANDED WITH INSTRUCTIONS.