Appellant, Edwin Cecil Milam, pleaded guilty to one count of third degree burglary and one count of second degree theft. At sentencing, the prosecution moved to invoke the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, based upon a prior conviction in the United States District Court. Appellant objected to the use of the prior conviction on the ground that the conviction was under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b)et seq, (repealed by Pub.L. 98-473, 1984). Proceeding under the Alabama Habitual Felony Offender Act, the trial court sentenced appellant to three years in the penitentiary, suspended upon condition that appellant serve one year in the county jail. The issue before us is whether the trial court erred in invoking the Alabama Habitual Felony Offender Act and enhancing appellant's punishment by considering his prior conviction under the Federal Youth Corrections Act.
The certified copy of the federal conviction indicates that appellant pleaded guilty on February 19, 1976, to unlawful possession of controlled substances with intent to distribute, in violation of 18 U.S.C. § 371. Appellant was committed to the custody of the attorney general for an indefinite period under the Federal Youth Corrections Act,18 U.S.C. § 5010(b). The record, however, does not disclose whether appellant's conviction has been set aside or expunged pursuant to 18 U.S.C. § 5021(a) or (b).
Therefore, we deem it necessary to remand this case for further proceedings to determine whether appellant's federal conviction has been set aside or expunged in accordance with 18 U.S.C. § 5021(a) or (b). If it is determined that the federal conviction has been set aside or expunged, the court cannot use that conviction to enhance appellant's sentence, and, in that case, hearing should be held and appellant sentenced accordingly.
The Youth Corrections Act is, by legislative design, an expungement statute. In United States v. Fryer,545 F.2d 11, 13-14 (6th Cir. 1976), the Sixth Circuit found the following:
 "The Youth Corrections Act is a statute aimed at the rehabilitation of young offenders convicted in the federal courts. Dorszynski v. United States, 418 U.S. 424, 433
[94 S.Ct. 3042, 3048, 41 L.Ed.2d 855] . . . (1974); Sen.Rpt. No. 1180, 81st Cong., 2d sess. (1950); H.R.Rpt. No. 2979, 81st Cong., 2d sess. (1950); U.S. Code Cong.Serv. 1950, p. 3983. In order to allow the Act to fulfill its intended purpose, the statute should be read to give the offender a second chance free from any record of conviction. United States v. Glasgow, 389 F. Supp. 217, 224 (D.D.C. 1975). In the words of the district court:
 " 'Not to allow to one whose conviction has been set aside under the provisions of the Youth Corrections Act the same rights as other citizens never convicted is to thwart and rebuff the underlying purposes of the Act. When the House and Senate Committees filed their reports with Congress, they were most concern[ed] with the feasibility of the plan, with whether or not *Page 201 
it would work. See, U.S. Code and Cong.Service, 81st Cong., 2d sess. (1950) at p. 3987. If this Court holds that a young adult whose conviction has been set aside does not have the same rights . . . as other citizens, it will have answered Congress's question in the negative. Such a ruling would, in effect, state that the youth has not been rehabilitated, that he cannot be trusted and that he does not deserve a second chance.' [United States v. Fryer] 402 F. Supp. [831] at 837 [(N.D. Ohio 1975)]."
See also United States v. Purgason, 565 F.2d 1279
(4th Cir. 1977); Morera v. United States Immigration Naturalization Service, 462 F.2d 1030 (1st Cir. 1972);Tatum v. United States, 114 U.S.App.D.C. 49,310 F.2d 854 (1962); U.S. Code Congressional Service, 81st Cong., 2d sess., pp. 3983, 3991-92 (1950). This state has not heretofore addressed this issue. However, we are pursuaded by the reasoning and conclusions reached in the federal decisions cited above that once a conviction under the Federal Youth Corrections Act is set aside or expunged by the court, that conviction is vacated and can have no further operative effect. More specifically, we hold that a conviction under the Federal Youth Corrections Act which has been set aside or expunged pursuant to the Act cannot be used for enhancement purposes under the Alabama Habitual Felony Offender Act. We find this construction to be consistent with the rehabilitative purposes of the Federal Youth Corrections Act.
Therefore, this case is remanded for further proceedings not inconsistent with this opinion. Due return should be made to this court of the proceedings below.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return to Remand