TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00486-CV






Texas Department of Public Safety, Appellant


v.


William Robert Loeb, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 266,861, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N




 I respectfully dissent from the majority's understanding of the interaction between
the Federal Youth Corrections Act (the Act) (1) and the Texas statute licensing concealed handguns. 
The majority ignores the federal mandate that a conviction of a youthful offender who successfully
complies with the terms of the Act is "set aside" for all purposes except to enhance punishment in
the event of the youth's recidivism. I would affirm the decisions of the county court at law and the
justice court and grant Mr. Loeb's application for a concealed handgun license.

ANALYSIS


 A person who has been convicted of a felony is not eligible to obtain a concealed
handgun license. Tex. Gov't Code Ann. § 411.172(a)(3) (West Supp. 2004). "Convicted" means


an adjudication of guilt or an order of deferred adjudication entered against a person
by a court of competent jurisdiction whether or not the imposition of the sentence is
subsequently probated and the person is discharged from community supervision.
The term does not include an adjudication of guilt or an order of deferred
adjudication that has been subsequently:


(A) expunged; or


(B) pardoned under the authority of a state or federal official.


Id. § 411.171(4) (West Supp. 2004).

 No one disputes that Loeb was convicted of a felony. What we must determine is
whether a conviction that has been "set aside" under the Act can deprive the youthful offender of a
civil right, such as a license to carry a concealed handgun. I agree with the majority that this is an
issue of statutory construction that we review de novo. I disagree with the majority that we first
construe the definition of expunction under the Texas licensing statute. To rely on a conviction
under a federal statute as a bar to obtaining a handgun license, we must first construe the meaning
of a "conviction" that has been set aside under that federal Act. In determining a question of federal
law, we follow the decisions of higher Texas courts and the United States Supreme Court, but we
also look to the decisions of the federal circuit courts as persuasive authority. See Penrod Drilling
Corp. v. Williams, 868 S.W.2d 294, 296 (Tex. 1993); Barstow v. State, 742 S.W.2d 495, 500-01 &
n.2 (Tex. App.--Austin 1987, writ denied).

 In construing a federal statute, we look first at the entire statute to determine if the
language in question has a "plain and unambiguous meaning" regarding the issue before us. 
Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450 (2002). The inquiry ends if the statutory language
is unambiguous and "the statutory scheme is coherent and consistent." Id. (quotations omitted). 
"The plainness or ambiguity of statutory language is determined by reference to the language itself,
the specific context in which that language is used, and the broader context of the statute as a
whole." Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997) (citing Estate of Cowart v. Nicklos
Drilling Co., 505 U.S. 469, 477 (1992)). We should adopt the sense of words that best harmonizes
with the context and promotes the policy and objectives of the legislature. See King v. St. Vincent's
Hosp., 502 U.S. 215, 221 & n.10 (1991).

 A motivating factor for the creation of the Act was to avoid recidivism for youths
between the ages of sixteen and twenty-two, who were thought to be particularly at risk for becoming
habitual offenders. Dorszynski v. United States, 418 U.S. 424, 433 (1974). "The Act was thus
designed to provide a better method for treating young offenders convicted in federal courts in that
vulnerable age bracket, to rehabilitate them and restore normal behavior patterns." Id. A
"particularly valuable benefit" for a youth offender placed on probation under the Act was "the
prospect of obtaining a certificate setting aside [the] conviction." Durst v. United States, 434 U.S.
542, 548 (1978). The provision allowing for the set aside of a conviction states:


Where a youthful offender has been placed on probation by the court, the court may
thereafter, in its discretion, unconditionally discharge such youthful offender from
probation prior to the expiration of the maximum period of probation thereto fixed
by the court, which discharge shall automatically set aside the conviction, and the
court shall issue to the youthful offender a certificate to that effect.

18 U.S.C. § 5021(b) (repealed 1984). Because the statute does not define "set aside," we must give
the term its ordinary meaning. Chapman v. United States, 500 U.S. 453, 462 (1991); United States
v. Doe, 980 F.2d 876, 878 (3d Cir. 1992) (applying this principle of statutory construction to the term
"set aside"). We will construe the term to best promote the policy and objectives of the legislature. 
See King, 502 U.S. at 221 & n.10.

 Black's Law Dictionary defines "set aside" as "to annul or vacate." Black's Law
Dictionary 1376 (7th ed. 1999). "Annul" means "the act of nullifying or making void," id. at 89;
to "vacate" is to "nullify or cancel; make void; invalidate." Id. at 1546. Federal circuit
interpretations comport with this construction of "set aside." In United States v. Arrington, the
United States Court of Appeals for the Fifth Circuit observed that "[t]he Act's import is to remove
the taint of youthful indiscretions, giving a youthful offender a second chance to live free of the
lifelong ignominy of a criminal record." 618 F.2d 1119, 1124 (5th Cir. 1980) (citing Dorszynski,
418 U.S. at 432-35), cert. denied, 449 U.S. 1086 (1981). The court held: "If a youthful offender has
been unconditionally discharged, the disabilities of a criminal conviction are completely and
automatically removed; indeed, the conviction is set aside as if it had never been." Id.

 Other federal circuit courts have similarly construed the effect of a set aside. See
Mines v. National Transp. Safety Bd., 862 F.2d 617, 619 (6th Cir. 1988) ("[W]hatever negative
inferences are normally drawn as to a person who has been convicted of a crime, those inferences
are not to be drawn as to a person whom the sentencing judge has determined would benefit from
being given a second chance and a clean slate pursuant to the [Act]."); Doe v. Webster, 606 F.2d
1226, 1234 (D.C. Cir. 1979) ("While the legislative history offers little guidance as to the reasoning
behind the drafters' choice of terminology, it is crystal-clear in one respect: they intended to give
youthful ex-offenders a fresh start, free from the stain of a criminal conviction, and an opportunity
to clean their slates to afford them a second chance, in terms of both jobs and standing in the
community."); United States v. Purgason, 565 F.2d 1279, 1280 (4th Cir. 1977) ("To us it is clear that
a conviction which is set aside by the court is vacated and can have no further operative effect.");
United States v. Fryer, 545 F.2d 11, 13 (6th Cir. 1976) ("In order to allow the Act to fulfill its
intended purpose, the statute should be read to give the offender a second chance free from any
record of conviction."); Mestre Morera v. Immigration & Naturalization Serv., 462 F.2d 1030, 1032
(1st Cir. 1972) (holding that set-aside conviction cannot be used to deport because "the clear purpose
for the automatic setting aside of a youthful offender's conviction . . . is to relieve him not only of
the usual disabilities of a criminal conviction, but also to give him a second chance free of a record
tainted by such a conviction"); Tatum v. United States, 310 F.2d 854, 856 (D.C. Cir. 1962) ("[A]
person sentenced under the [Act] can, by virtue of his own good conduct, be spared the lifelong
burden of a criminal record.").

 The legislative history of the Act also bears out the interpretation that a set aside
serves to vacate or annul the conviction. In testimony before a Senate subcommittee, Judge Bolitha
J. Laws testified: "Committed youth offenders who earn their final discharges before the end of their
maximum term have their records cleared and all their civil rights restored." Hearings on S. 1114
and S. 2609 Before a Subcomm. of the Senate Comm. on the Judiciary, 81st Cong., 1st Sess. 14
(1949). He went on to state: "When the Division turns them out ahead of their maximum sentence,
this law blots out their sentence and lets them go without any stigma on their life." Id. at 19. 
Another judge testified that "if the youth offender is reclaimed in the opinion of the Board and they
decide to release him, they can strike out the sentence imposed upon him and completely set aside
his conviction so that he will not have a criminal record staring him in the face." Id. at 45 (testimony
of Judge John J. Parker). Another judge testified that although in his opinion the set aside "does not
entirely remove the difficulty," the Act "does provide for the wiping out of the conviction if the
youth is discharged, rehabilitated, and behaves himself after his period of supervision." Id. at 70
(testimony of Judge Orie L. Phillips). 

 A majority of the federal circuits have held, however, that despite the restoration of
civil rights and removal of the "stain," "taint," or "prejudicial effects" of the conviction, the Act does
not allow for the physical obliteration of the record of conviction. Because the purpose of the set
aside is to discourage recidivism and encourage rehabilitation with the promise of a fresh start, the
youthful offender who later commits another crime relinquishes that benefit. United States v.
Fosher, 124 F.3d 52, 58 (1st Cir. 1997) ("Although the [Act] was intended to benefit a youthful
offender by providing a second chance to start life without the stigma of a criminal conviction, . . .
it was not meant to allow a recidivist to avoid increased penalties based on earlier criminal
convictions."); Gass v. United States, 109 F.3d 677, 679-80 (11th Cir. 1997) (second chance should
not shield recidivists from increased penalties); United States v. Nicolace, 90 F.3d 255, 258 (8th Cir.
1996) (same);United States v. Ashburn, 20 F.3d 1336, 1343 (5th Cir. 1994) (same), reinstated in
relevant part by 38 F.3d 803 (5th Cir. 1994) (en banc); United States v. McDonald, 991 F.2d 866,
872 (D.C. Cir. 1993) (if the offender is a recidivist, the "case for conferring the benefit dissipates").

 It is this unique feature of the federal statutory scheme that prevents a "set aside"
under the Act from qualifying as an expunction under the majority's analysis: "Thus, under Texas
law, expungement means the segregation or destruction of records and deletion of the record from
criminal record indexes." Slip op. at 10. The majority relies on a state supreme court decision
holding that a conviction set aside under Texas law pursuant to article 42.12 of the code of criminal
procedure remains a conviction for purposes of the concealed handgun licensing statute. Tune v.
Texas Dep't of Pub. Safety, 23 S.W.3d 358, 363 (Tex. 2000). Although Tune interprets state
legislative intent and undoubtedly controls any conviction under a Texas statute, there is a wealth
of federal precedent defining a contrary congressional intent underlying the Act. Fred C. Zacharias,
Uses and Abuses of Convictions Set Aside under the Federal Youth Corrections Act, 1981 Duke L.J.
477, 513 (1981) ("Congress expressly intended that the setting aside of a conviction remove the stain
on the offender's record and allow him the full exercise of a citizen's civil rights.").

 We are dealing with a federal conviction. The courts of this state should not ignore
the congressional intent to completely set aside the conviction of those who commit youthful
indiscretions--such as the altered driver's license that Mr. Loeb obtained through the mail. The
overwhelming majority of federal opinions interpreting the Act have held that to accomplish
Congress's rehabilitative intent, a conviction of a youthful offender must be "set aside as if it had
never been," (2) and is "vacated and can have no further operative effect." (3) Federal courts have held
that a set-aside conviction cannot be used to deport an individual: "[T]he clear purpose for the
automatic setting aside of a youthful offender's conviction . . . is to relieve him not only of the usual
disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by
such a conviction." Mestre Morera, 462 F.2d at 1032. Even the United States Supreme Court, in
dicta, has likened the set-aside provision under the Act to an expunction. See Tuten v. United States,
460 U.S. 660, 665 (1983) ("Like various state expungement statutes, § 5021 enables an eligible
youth offender to reenter society and conduct his life free from the disabilities that accompany a
criminal conviction."); Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 117-18 (1983) ("[T]he
Federal Youth Corrections Act, in which Congress itself provided for expunction in certain
circumstances, see 18 U.S.C. § 5021, was enacted as far back as 1950."). The majority chooses to
ignore the large body of federal precedent holding that a set-aside conviction under the Act no longer
operates as a conviction. Setting aside the conviction operates as an expunction in every
circumstance save one: if the youth reoffends.

 Here, the concealed handgun license statute states that an "expunged" conviction does
not have the effect of a "conviction." Tex. Gov't Code Ann. § 411.172(a)(3)(A). By focusing
exclusively on the definition of expunction under state law, the majority disregards the fundamental
principle that a federal conviction set aside under the Act has "no further operative effect" and is
"vacated" as a conviction. The Texas Legislature cannot override the congressional intent to
rehabilitate youthful offenders by completely nullifying the effect of a conviction that has been set
aside under the Act. Under federal law, the set-aside conviction is no longer a conviction; under
state law, the expunged conviction is no longer a conviction. If Mr. Loeb had been convicted of a
state felony, we would have to determine if his conviction had been expunged. Because his federal
conviction was set aside under the Act, we must look to federal law to determine the effect of that
set-aside conviction. The overwhelming majority of federal courts of appeals, including our own
Fifth Circuit, have held that Mr. Loeb's set-aside conviction was vacated for all purposes, "as if it
had never been," except to subject him to increased punishment should he reoffend. Arrington, 618
F.2d at 1124.

 There is no evidence in this record that Mr. Loeb has forfeited the benefit of the fresh
start afforded him under the Act. I would hold that a federal conviction set aside under the Act is
not a conviction under the Texas concealed handgun licensing statute and affirm the decisions of the
county court at law and the justice court granting Mr. Loeb's application for a license.



 

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Filed: June 10, 2004

1. See Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1089; amended by Act of Oct. 3, 1961,
Pub. L. 87-336, 75 Stat. 750; amended by Act of Mar. 15, 1976, Pub. L. 94-233, § 9, 90 Stat. 232
(codified as 18 U.S.C. § 5021) (repealed 1984) (allowing for the "set aside" of a conviction)
[hereinafter "18 U.S.C. § 5021"].
2. United States v. Arrington, 618 F.2d 1119, 1124 (5th Cir. 1980).
3. United States v. Purgason, 565 F.2d 1279, 1280 (4th Cir. 1977).