# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00486-CV

**Texas Department of Public Safety, Appellant**

**v.**

**William Robert Loeb, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. 266,861, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING**

## D I S S E N T I N G   O P I N I O N

I respectfully dissent from the majority=s understanding of the interaction between the

Federal Youth Corrections Act (the Act)[1] and the Texas statute licensing concealed handguns.  The

majority ignores the federal mandate that a conviction of a youthful offender who successfully complies with

the terms of the Act is Aset aside@ for *all purposes* except to enhance punishment in the event of the youth=s

---

[1] *See* Act of Sept. 30, 1950, ch. 1115, ' 2, 64 Stat. 1089; *amended by* Act of Oct. 3, 1961,
Pub. L. 87-336, 75 Stat. 750; *amended by* Act of Mar. 15, 1976, Pub. L. 94-233, ' 9, 90 Stat. 232
(codified as 18 U.S.C. ' 5021) (repealed 1984) (allowing for the Aset aside@ of a conviction) [hereinafter
A18 U.S.C. ' 5021@].

recidivism.  I would affirm the decisions of the county court at law and the justice court and grant Mr.

Loeb=s application for a concealed handgun license.

## ANALYSIS

A person who has been convicted of a felony is not eligible to obtain a concealed handgun

license.  Tex. Gov=t Code Ann. ' 411.172(a)(3) (West Supp. 2004).  AConvicted@ means

> an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:
>
> (A)  expunged; or
>
> (B)  pardoned under the authority of a state or federal official.

*Id.* ' 411.171(4) (West Supp. 2004).

No one disputes that Loeb was convicted of a felony.  What we must determine is whether

a conviction that has been Aset aside@ under the Act can deprive the youthful offender of a civil right, such as

a license to carry a concealed handgun.  I agree with the majority that this is an issue of statutory

construction that we review *de novo*.  I disagree with the majority that we first construe the definition of

expunction under the Texas licensing statute.  To rely on a conviction under a federal statute as a bar to

obtaining a handgun license, we must first construe the meaning of a Aconviction@ that has been set aside

under that federal Act.  In determining a question of federal law, we follow the decisions of higher Texas

courts and the United States Supreme Court, but we also look to the decisions of the federal circuit courts

as persuasive authority. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993); *Barstow v. State*, 742 S.W.2d 495, 500-01 & n.2 (Tex. App.CAustin 1987, writ denied).

In construing a federal statute, we look first at the entire statute to determine if the language in question has a Aplain and unambiguous meaning@ regarding the issue before us. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). The inquiry ends if the statutory language is unambiguous and Athe statutory scheme is coherent and consistent.@ *Id.* (quotations omitted). AThe plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.@ *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992)). We should adopt the sense of words that best harmonizes with the context and promotes the policy and objectives of the legislature. *See King v. St. Vincent=s Hosp.*, 502 U.S. 215, 221 & n.10 (1991).

A motivating factor for the creation of the Act was to avoid recidivism for youths between the ages of sixteen and twenty-two, who were thought to be particularly at risk for becoming habitual offenders. *Dorszynski v. United States*, 418 U.S. 424, 433 (1974). AThe Act was thus designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket, to rehabilitate them and restore normal behavior patterns.@ *Id.* A Aparticularly valuable benefit@ for a youth offender placed on probation under the Act was Athe prospect of obtaining a certificate setting aside [the] conviction.@ *Durst v. United States*, 434 U.S. 542, 548 (1978). The provision allowing for the set aside of a conviction states:

3

> Where a youthful offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youthful offender from probation prior to the expiration of the maximum period of probation thereto fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youthful offender a certificate to that effect.

18 U.S.C. ' 5021(b) (repealed 1984). Because the statute does not define Aset aside,@ we must give the term its ordinary meaning. *Chapman v. United States*, 500 U.S. 453, 462 (1991); *United States v. Doe*, 980 F.2d 876, 878 (3d Cir. 1992) (applying this principle of statutory construction to the term Aset aside@). We will construe the term to best promote the policy and objectives of the legislature. *See King*, 502 U.S. at 221 & n.10.

Black=s Law Dictionary defines Aset aside@ as Ato annul or vacate.@ *Black=s Law Dictionary* 1376 (7th ed. 1999). AAnnul@ means Athe act of nullifying or making void,@ *id.* at 89; to Avacate@ is to Anullify or cancel; make void; invalidate.@ *Id.* at 1546. Federal circuit interpretations comport with this construction of Aset aside.@ In *United States v. Arrington*, the United States Court of Appeals for the Fifth Circuit observed that A[t]he Act=s import is to remove the taint of youthful indiscretions, giving a youthful offender a second chance to live free of the lifelong ignominy of a criminal record.@ 618 F.2d 1119, 1124 (5th Cir. 1980) (citing *Dorszynski*, 418 U.S. at 432-35), *cert. denied*, 449 U.S. 1086 (1981). The court held: AIf a youthful offender has been unconditionally discharged, the disabilities of a criminal conviction are completely and automatically removed; indeed, the conviction is set aside as if it had never been.@ *Id.*

Other federal circuit courts have similarly construed the effect of a set aside. *See Mines v. National Transp. Safety Bd.*, 862 F.2d 617, 619 (6th Cir. 1988) (A[W]hatever negative inferences are normally drawn as to a person who has been convicted of a crime, those inferences are not to be drawn as

4

to a person whom the sentencing judge has determined would benefit from being given a second chance and a clean slate pursuant to the [Act].@); *Doe v. Webster*, 606 F.2d 1226, 1234 (D.C. Cir. 1979) (AWhile the legislative history offers little guidance as to the reasoning behind the drafters= choice of terminology, it is crystal-clear in one respect: they intended to give youthful ex-offenders a fresh start, free from the stain of a criminal conviction, and an opportunity to clean their slates to afford them a second chance, in terms of both jobs and standing in the community.@); *United States v. Purgason*, 565 F.2d 1279, 1280 (4th Cir. 1977) (ATo us it is clear that a conviction which is set aside by the court is vacated and can have no further operative effect.@); *United States v. Fryer*, 545 F.2d 11, 13 (6th Cir. 1976) (AIn order to allow the Act to fulfill its intended purpose, the statute should be read to give the offender a second chance free from any record of conviction.@); *Mestre Morera v. Immigration & Naturalization Serv.*, 462 F.2d 1030, 1032 (1st Cir. 1972) (holding that set-aside conviction cannot be used to deport because Athe clear purpose for the automatic setting aside of a youthful offender=s conviction . . . is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction@); *Tatum v. United States*, 310 F.2d 854, 856 (D.C. Cir. 1962) (A[A] person sentenced under the [Act] can, by virtue of his own good conduct, be spared the lifelong burden of a criminal record.@).

The legislative history of the Act also bears out the interpretation that a set aside serves to vacate or annul the conviction. In testimony before a Senate subcommittee, Judge Bolitha J. Laws testified: ACommitted youth offenders who earn their final discharges before the end of their maximum term have their records cleared and all their civil rights restored.@ *Hearings on S. 1114 and S. 2609 Before a Subcomm. of the Senate Comm. on the Judiciary*, 81st Cong., 1st Sess. 14 (1949). He went on to

5

state: "When the Division turns them out ahead of their maximum sentence, this law blots out their sentence and lets them go without any stigma on their life." *Id.* at 19. Another judge testified that "if the youth offender is reclaimed in the opinion of the Board and they decide to release him, they can strike out the sentence imposed upon him and completely set aside his conviction so that he will not have a criminal record staring him in the face." *Id.* at 45 (testimony of Judge John J. Parker). Another judge testified that although in his opinion the set aside "does not entirely remove the difficulty," the Act "does provide for the wiping out of the conviction if the youth is discharged, rehabilitated, and behaves himself after his period of supervision." *Id.* at 70 (testimony of Judge Orie L. Phillips).

A majority of the federal circuits have held, however, that despite the restoration of civil rights and removal of the "stain," "taint," or "prejudicial effects" of the conviction, the Act does not allow for the physical obliteration of the *record* of conviction. Because the purpose of the set aside is to discourage recidivism and encourage rehabilitation with the promise of a fresh start, the youthful offender who later commits another crime relinquishes that benefit. *United States v. Fosher*, 124 F.3d 52, 58 (1st Cir. 1997) ("Although the [Act] was intended to benefit a youthful offender by providing a second chance to start life without the stigma of a criminal conviction, . . . it was not meant to allow a recidivist to avoid increased penalties based on earlier criminal convictions."); *Gass v. United States*, 109 F.3d 677, 679-80 (11th Cir. 1997) (second chance should not shield recidivists from increased penalties); *United States v. Nicolace*, 90 F.3d 255, 258 (8th Cir. 1996) (same); *United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir. 1994) (same), *reinstated in relevant part by* 38 F.3d 803 (5th Cir. 1994) (en banc); *United States v. McDonald*, 991 F.2d 866, 872 (D.C. Cir. 1993) (if the offender is a recidivist, the "case for conferring the benefit dissipates").

It is this unique feature of the federal statutory scheme that prevents a "set aside" under the Act from qualifying as an expunction under the majority's analysis: "Thus, under Texas law, expungement means the segregation or destruction of records and deletion of the record from criminal record indexes." Slip op. at 10. The majority relies on a state supreme court decision holding that a conviction set aside under Texas law pursuant to article 42.12 of the code of criminal procedure remains a conviction for purposes of the concealed handgun licensing statute. *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex. 2000). Although *Tune* interprets state legislative intent and undoubtedly controls any

7

conviction under a Texas statute, there is a wealth of federal precedent defining a contrary congressional intent underlying the Act. Fred C. Zacharias, *Uses and Abuses of Convictions Set Aside under the Federal Youth Corrections Act*, 1981 Duke L.J. 477, 513 (1981) (ACongress expressly intended that the setting aside of a conviction remove the stain on the offender=s record and allow him the full exercise of a citizen=s civil rights.@).

We are dealing with a federal conviction. The courts of this state should not ignore the congressional intent to completely set aside the conviction of those who commit youthful indiscretionsCsuch as the altered driver=s license that Mr. Loeb obtained through the mail. The overwhelming majority of federal opinions interpreting the Act have held that to accomplish Congress=s rehabilitative intent, a conviction of a youthful offender must be Aset aside as if it had never been,@[2] and is Avacated and can have no further operative effect.@[3] Federal courts have held that a set-aside conviction cannot be used to deport an individual: A[T]he clear purpose for the automatic setting aside of a youthful offender=s conviction . . . is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction.@ *Mestre Morera*, 462 F.2d at 1032. Even the United States Supreme Court, in dicta, has likened the set-aside provision under the Act to an expunction. *See Tuten v. United States*, 460 U.S. 660, 665 (1983) (ALike various state expungement statutes, '5021 enables an eligible youth offender to reenter society and conduct his life free from the disabilities that accompany a criminal conviction.@); *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 117-18 (1983) (A[T]he

---

[2] *United States v. Arrington*, 618 F.2d 1119, 1124 (5th Cir. 1980).

[3] *United States v. Purgason*, 565 F.2d 1279, 1280 (4th Cir. 1977).

8

Federal Youth Corrections Act, in which Congress itself provided for expunction in certain circumstances, see 18 U.S.C. ' 5021, was enacted as far back as 1950.@). The majority chooses to ignore the large body of federal precedent holding that a set-aside conviction under the Act no longer operates as a conviction. Setting aside the conviction operates as an expunction in every circumstance save one: if the youth reoffends.

Here, the concealed handgun license statute states that an Aexpunged@ conviction does not have the effect of a Aconviction.@ Tex. Gov=t Code Ann. ' 411.172(a)(3)(A). By focusing exclusively on the definition of expunction under state law, the majority disregards the fundamental principle that a federal conviction set aside under the Act has Ano further operative effect@ and is Avacated@ as a conviction. The Texas Legislature cannot override the congressional intent to rehabilitate youthful offenders by completely nullifying the effect of a conviction that has been set aside under the Act. Under federal law, the set-aside conviction is no longer a conviction; under state law, the expunged conviction is no longer a conviction. If Mr. Loeb had been convicted of a state felony, we would have to determine if his conviction had been expunged. Because his federal conviction was set aside under the Act, we must look to federal law to determine the effect of that set-aside conviction. The overwhelming majority of federal courts of appeals, including our own Fifth Circuit, have held that Mr. Loeb=s set-aside conviction was vacated for all purposes, Aas if it had never been,@ except to subject him to increased punishment should he reoffend. *Arrington*, 618 F.2d at 1124.

There is no evidence in this record that Mr. Loeb has forfeited the benefit of the fresh start afforded him under the Act. I would hold that a federal conviction set aside under the Act is not a

9

conviction under the Texas concealed handgun licensing statute and affirm the decisions of the county court

at law and the justice court granting Mr. Loeb=s application for a license.



Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Filed:   June 10, 2004