The STATE of Ohio, Appellee,

v.

VALLEJO, Appellant.

[Cite as *State v. Vallejo* (1992), 79 Ohio App.3d 81.]

Court of Appeals of Ohio,
Wood County.

No. 91WD083.

Decided March 31, 1992.

*Alan Mayberry,* Prosecuting Attorney, for appellee.

*Inez Vallejo, pro se.*

---

SHERCK, Judge.

This is an appeal from a judgment entered by the Wood County Court of Common Pleas summarily denying the post-conviction relief petition of appellant Inez Vallejo, a.k.a. Ines Vallejo, on the grounds that the facts asserted by appellant were belied by the record and that, in turn, created a facially invalid petition. Because we find that the record before the trial court did not tend to negate the assertions of appellant, we reverse and remand for further proceedings.

The relevant facts of this case began in Texas in 1974.[1] Appellant was convicted in the Federal District Court for the Southern District of Texas on the charge of conspiracy to possess, with intent to distribute, a quantity of marijuana. Appellant was convicted and sentenced under what was known as the Federal Youth Correction Act, a now repealed law that allowed federal courts to treat some chronological adults as "youthful" offenders. See Sections 5005 *et seq.,* Title 18, U.S.Code, now repealed. The Act was available to offenders of up to twenty-six years of age. See former Section 4209, Title 18, U.S.Code. The Act provided that convictions would be "set aside" upon an early discharge from probation. See former Section 5021(B), Title 18,

---

1. Appellant's petition was summarily dismissed in the trial court. The only defense asserted by the state was lack of jurisdiction by the trial court. The trial court disallowed the petition on other grounds. The state has declined to otherwise defend or even to file a brief in this court. Because the trial court ruled that the petition was facially insufficient, we take these facts from appellant's petition.

U.S.Code. According to appellant, he received an early discharge from probation and his conviction was "set aside."[2]

Appellant's next contact with the criminal court system came in 1986 when he was charged in Wood County, Ohio, with the offense of having a weapon while under a disability in violation of R.C. 2923.13. The disability that was listed in the writ of information was the 1974 federal court conviction. According to appellant's affidavit in support of his post-conviction petition, he pleaded guilty to the weapons charge on the advice of his attorney. According to his affidavit, appellant, unaware that his conviction had been "set aside," claims he would not have pleaded guilty had he known that he had a factual defense to the charge of having a weapon while under a disability.

As a result of his guilty plea, appellant was sentenced for having a weapon while under a disability; ultimately, he was placed on probation. While still on probation, in 1987, appellant was arrested and charged with several additional felonies, including conspiracy to commit murder and three counts of aggravated drug trafficking. Additionally, the state sought an order revoking appellant's probation. The conspiracy to commit murder count of the indictment included a specification pursuant to R.C. 2929.11(D) that appellant had previously been convicted of an offense of violence, to wit: having a weapon while under a disability. By virtue of that specification, appellant was subject to enhanced penalties. The trafficking counts were also enhanced by specifications alleging the 1974 felony drug conviction.

Supposedly on the advice of his counsel, appellant entered into a plea agreement with the state. Appellant admitted violating his probation and, in addition, pleaded guilty to conspiracy to commit murder and one count of drug trafficking. His probation was revoked and the original eighteen-month sentence was imposed. Appellant was also sentenced on the new charges. The penalties were enhanced based on the prior offenses of having a weapon while under a disability, and the 1974 conviction in Texas.

In 1990, appellant filed his original petition for post-conviction relief. That petition was denied without hearing and that decision was affirmed by this court. See *State v. Vallejo* (June 28, 1991), Wood App. No. WD–90–50, unreported, 1991 WL 117051. While the appeal on the first petition was pending, appellant filed a second petition seeking post-conviction relief from

---

2. Appellant has filed a "Notice of Certificate of Vacation" in this court, attaching what purports to be an order from the federal district court setting his conviction aside. Because this court does not act as a finder of fact, we cannot accept this document as proof that the conviction has been set aside. This opinion is concerned only with the allegations made in the trial court. At this point, whether or not appellant's 1974 conviction has been set aside is a question of fact yet to be resolved in the trial court.

both the 1986 conviction for having a weapon while under a disability and the 1987 convictions for conspiracy to commit murder and trafficking. This petition asserted the above-described allegations. The state responded with a motion to dismiss on the grounds that the trial court lacked jurisdiction because a decision on the first petition was still pending on appeal. The trial court held this second petition in abeyance until the court of appeals rendered its decision on the first petition. Then, the trial court evaluated the second petition and denied appellant relief, finding that appellant was not a "minor" when he was convicted in 1974 and that the facts alleged in his petition were thus negated by the record. Appellant appeals that decision, offering the following three assignments of error.

"Assignment of Error I:

"Former defense counsel Robert Candiello was ineffective in his representation of the petitioner in case No. 86–CR–176 when he allowed petitioner to plead guilty to a charge of having a weapon while under disability when petitioner was not under disability at the time of the alleged offense making petitioner's plea unknowing, unintelligent, and involuntary due to ineffective counsel violating due process and Sixth and Fourteenth Amendment rights.

"Assignment of Error II:

"Former defense counsel Robert Candieelo [sic] and Charles Boss were ineffective when they allowed petitioner to enter a plea of guilt to the charges in case Nos. 87–CR–57 and 87–CR–118 when said charges were brought upon faulty information in the indictment making petitioner's plea unknowing, unintelligent, involuntary and based on ineffective counsel in violation of Sections 10 and 15 of Article I of the Ohio Constitution and the Due Process Clause of the Fourteenth Amendment, U.S. Constitution, and his Sixth Amendment right to competent counsel.

"Assignment of Error III:

"Petitioner's plea was unknowing, unintelligent, involuntary due to ineffective counsel, misrepresentation, due to a nonperformable plea bargain, per information submitted off the record, causing a breached plea agreement on the record, violating petition's rights guaranteed by the Due Process Clause of the Fourteenth Amendment and petitioner's Sixth Amendment right to the effective representation of counsel same set forth to the trial court."

Although each assignment of error is phrased as an affirmative claim for relief, more appropriately written for the trial court than this court, we construe each to be an assertion that the common pleas court erred in summarily dismissing appellant's petition. Accordingly, we will treat them as one.

The essence of the arguments is that appellant was denied effective assistance of counsel in 1986 when his attorney advised him to plead guilty to the charge of having a weapon while under a disability even though appellant had no disability because his conviction had been "set aside" by the federal court. Then, appellant was denied effective assistance of counsel when he was advised to plead guilty in 1987 to charges that included enhancements based on the 1974 conviction and the subsequent weapons conviction.

The court of common pleas may summarily dismiss a petition for post-conviction relief when the facts asserted in the petition are contradicted by the record. R.C. 2953.21. When the court orders such a summary disposition, the same provision requires the court to make findings of fact and conclusions of law. In this case, the only fact found by the trial court was that appellant was not a "minor" in 1974. However, appellant never alleged that he was a minor in 1974. Appellant's assertion is that his conviction under the Federal Youth Corrections Act, as it existed at that time, was set aside. Therefore, the judgment of the trial court did not address the allegations of the petition for post-conviction relief.

In this case, there remain questions of law and fact that have not been ruled upon by the trial court. Minimally, we need to know whether appellant's 1974 conviction, in fact, was set aside. If so, what is the legal effect of setting aside the conviction? If the legal effect is to preclude a conviction for having a weapon while under a disability, would the reasonably effective attorney have advised appellant to accept the 1986 plea agreement? What effect, if any, is there on the various 1987 charges? If appellant's attorney fell below an objective standard of reasonable representation, as defined in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, has appellant been prejudiced thereby? Does appellant's entry into a plea bargain negate any claim of prejudice?

Under R.C. 2953.21, "it is the mandatory duty of the trial court to make findings of fact and conclusions of law if a petitioner raises an issue properly cognizable under the Postconviction Remedy Act, the resolution of which requires the determination of facts." *Jones v. State* (1966), 8 Ohio St.2d 21, 22, 37 O.O.2d 357, 222 N.E.2d 313, 314. "Such findings are necessary to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Id.*

In this case, appellant's petition raised issues of fact and of law that have not been resolved in the trial court. We cannot know what response the state may have, what defenses it may wish to raise, or even what defenses it may wish to waive. Under the circumstances, we must remand this case to the

trial court for further proceedings. Accordingly, to the extent that appellant's assignments of error assert error in summarily dismissing his petition, we find those assignments of error well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Wood County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and GLASSER, J., concur.