47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ines VALLEJO, Petitioner-Appellee, Cross-Appellant,
v.
Flora J. HOLLAND, Respondent-Appellant, Cross-Appellee.
 Nos. 94-3076, 94-3259.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1995.
 
 On Appeal from the United States District Court for the Northern District of Ohio; Nos. 93-07195, 93-07196.
 N.D.Ohio
 REVERSED.
 Before: NORRIS and SILER, Circuit Judges; NEWBLATT, District Judge.*
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 The district court granted to petitioner, Ines Vallejo, the writ of habeas corpus he sought pursuant to 28 U.S.C. Sec. 2254. The court determined that Vallejo received constitutionally ineffective assistance of counsel which resulted in his present incarceration by the State of Ohio. Because we find that petitioner failed to meet the evidentiary burden required to establish ineffective assistance, we reverse the decision of the district court and revoke the writ.
 
 
 2
 On February 8, 1978, the United States District Court for the Southern District of Texas issued a certificate setting aside petitioner's 1975 conviction for conspiracy to distribute marijuana. The statute authorizing the issuance of the certificate, 18 U.S.C. Sec. 5021(b) (provision of the former Youth Corrections Act), has since been repealed.
 
 
 3
 Despite the fact that the 1975 conviction had been set aside, in 1986 petitioner entered a guilty plea in Wood County, Ohio to a bill of information charging him with being in possession of a firearm while under a disability in violation of Ohio Rev.Code Ann. Sec. 2923.13 (Anderson 1993).[1] Under Ohio law, this offense is a fourth degree felony. Ohio Rev.Code.Ann. Sec. 2923.13(B). Although the plea agreement called for eighteen months' imprisonment, this sentence was suspended and petitioner was instead placed on probation for five years.
 
 
 4
 The following year petitioner found himself back in the Wood County common pleas court, this time facing multiple charges contained in three separate indictments. On July 14, 1987, petitioner, with the assistance of counsel, negotiated another plea agreement. In this agreement, petitioner stipulated that he had violated the probation imposed for his previous conviction. He also pled guilty to drug trafficking and conspiracy to commit murder. Pursuant to the plea agreement, the court imposed a multi-year prison sentence.
 
 
 5
 Although he did not pursue a direct appeal, petitioner filed several motions for post-conviction relief, arguing, among other things, that he had received ineffective assistance of counsel. In response to one such motion, the Ohio court of appeals ordered the court of common pleas to conduct an evidentiary hearing to determine what legal effect the setting aside of his federal conviction had on the disability which led to his initial conviction. State v. Vallejo, 79 Ohio App.3d 81, 85-86, 606 N.E.2d 1025, 1028 (Ohio Ct.App.1992). Specifically, the appellate court posed the following questions: "If the legal effect is to preclude a conviction for having a weapon while under a disability, would the reasonably effective attorney have advised appellant to accept the 1986 plea agreement? What effect, if any, is there on the various 1987 charges?" Id.
 
 
 6
 In response, the court of common pleas conducted a hearing on May 19, 1992. Proceeding pro se,[2] petitioner chose not to require either of the attorneys whose performance he contended had been deficient to testify. Instead, he relied solely on the certificate setting aside his federal conviction. The state asserted that the 1986 plea bargain conferred tangible benefits on defendant. The prosecutor summarized these benefits in the following terms:
 
 
 7
 Let me first indicate in the 1986 case ... that case proceeded on a bill of information. It was not an indictment. And in exchange for the defendant agreeing to plead guilty to that bill of information, that one and only one count, bill of information, the record would reflect that there were additional charges, including possession of more than three times the bulk of the amount of cocaine, possession of marijuana, criminal tools, et cetera, that were not pursued at that time.
 
 
 8
 ....
 
 
 9
 Mr. Candiello [Vallejo's attorney] worked a miracle for his client in getting only one charge presented at that particular time....
 
 
 10
 Hearing Transcript at 60-61. After the prosecutor presented further testimony regarding the benefits that petitioner received as the result of both his 1986 and 1987 plea agreements, the following exchange occurred between the court and petitioner:
 
 
 11
 Now, Mr. Vallejo, you wanted to answer the prosecutor's statement relative to the ineffective assistance of counsel. Go ahead on whatever items you want to place in the record.
 
 
 12
 THE PETITIONER: I stand by the record, Your Honor.
 
 
 13
 THE COURT: All right. Anything further you want to place before the Court, Mr. Vallejo?
 
 
 14
 THE PETITIONER: Well, all I want to say is that the Court's request is in violation of the Act of--Federal Youth Correction Act.
 
 
 15
 Hearing Transcript at 65. This synopsis of the evidentiary hearing indicates that petitioner declined to develop a record of ineffective assistance despite being given the opportunity to do so.
 
 
 16
 The court of common pleas accordingly denied relief, a decision subsequently affirmed by the Ohio court of appeals. State v. Vallejo, No. 92WD071, 1992 WL 318926 (Ohio App. Nov. 6, 1992). Moreover, the appellate court "assume[d] without deciding that appellant was not under a disability in 1986." Id. at * 4 n. 1. Nonetheless, it rejected petitioner's claims:
 
 
 17
 Further, we note that a licensed attorney is presumed to be competent. It is often the case that a competent attorney will reasonably advise a client to waive an available potential defense and plead guilty in order to avoid other consequences. Appellant did not take advantage of the hearing afforded him to prove that such advice, if indeed it was given, was unreasonable under the circumstances of this case. We cannot presume that the advice, if given, was unreasonable.
 
 
 18
 Id. at * 3 (citation omitted).
 
 
 19
 After the Ohio Supreme Court refused to consider the case, petitioner initiated the federal habeas corpus proceeding which is the subject of this appeal. The district court disagreed with the Ohio court of appeals' analysis in a number of respects. First, it found, rather than assumed, that the federal set-aside provision effectively expunged petitioner's 1975 conviction so that he was not under a disability when he entered into the 1986 plea bargain. Consequently, the district court concluded that the writ should issue:
 
 
 20
 In the instant case, Vallejo's attorney's failure to investigate the validity of the underlying federal felony conviction was unreasonable. The existence of a precedent felony was a critical factor in Petitioner's 1986 case....
 
 
 21
 It is inconceivable that Vallejo would have pled guilty to the felon in possession of a firearm charge had counsel been aware that the expunged Texas conviction could not be used against him. Without a valid prior conviction, the prosecution had no case against Petitioner. Similarly, it is unlikely that, had he been properly advised, Petitioner would have agreed to the terms offered by the prosecution and would have tendered guilty pleas to the 1987 indictments.
 
 
 22
 Thus, Petitioner has satisfied both prongs of the Strickland test. His attorney's performance fell below an objective standard of reasonableness under prevailing professional norms. There is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.
 
 
 23
 Vallejo v. Holland, Nos. 3:93CV7195, 3:93CV7196, slip op. at 11-12 (N.D.Ohio Dec. 14, 1993). In addition to granting the writ with respect to the possession of a firearm while under a disability charge, the district court ordered that petitioner be allowed to withdraw his guilty pleas for drug trafficking and conspiracy to commit murder because they had been influenced by the unconstitutionally obtained firearm conviction.
 
 
 24
 As a preliminary matter, we note that the district court correctly concluded that the set-aside provision of the former Youth Corrections Act expunged petitioner's federal conviction. Mines v. Nat'l Transp. Safety Bd., 862 F.2d 617, 618-19 n. 4 (6th Cir.1988) (citing United States v. Fryer, 545 F.2d 11 (6th Cir.1976)). This, however, does not lead to the inevitable conclusion that petitioner received ineffective assistance of counsel.
 
 
 25
 To prevail on such a claim, petitioner must show that counsel functioned below an objective standard of reasonableness and that the deficient performance resulted in actual prejudice. Hill v. Lockhart, 474 U.S. 52, 58 (1985). In our view, petitioner has failed to carry his evidentiary burden with respect to either prong of this test despite being given an adequate opportunity to do so.
 
 
 26
 Far from being "inconceivable" that petitioner would enter a guilty plea to the charge of possessing a firearm while under a disability despite the availability of a viable defense, it appears to be an abundantly rational decision when weighed against the more serious charges that could have been brought against him had he not struck this bargain. Thus, we cannot conclude either that this decision came about as the result of inadequate counsel or that it prejudiced petitioner.
 
 
 27
 This being the case with respect to the 1986 plea agreement, the 1987 agreement likewise passes muster. Moreover, with respect to the latter agreement, additional charges that had been brought by way of indictment were dropped as the direct result of the agreement. Petitioner was thus left arguably better off than had he chosen to go to trial. At the very least, no prejudice resulted.
 
 
 28
 For the foregoing reasons, the judgment of the district court granting petitioner a writ of habeas corpus is reversed.
 
 
 
 *
 The Honorable Stewart Newblatt, United States District Judge of the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This provision provides in part as follows:
 (A) [N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 (1) Such person is a fugitive from justice;
 (2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile delinquent for commission of any such felony;
 (3) Such person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse, or has been adjudged a juvenile delinquent for commission of any such offense....
 Ohio Rev.Code Ann. Sec. 2923.13.
 
 
 [2]
 Standby counsel was appointed but not utilized