## MATTER OF NAGY

### In Deportation Proceedings

### A-10986083

*Decided by Board January 25, 1968*

Respondent's conviction of transporting a stolen vehicle in foreign commerce in violation of 18 U.S.C. 2312, resulting in his commitment as a young adult offender under the Federal Youth Corrections Act, which conviction was subsequently set aside pursuant to 18 U.S.C. 5021 and a certificate to that effect issued to respondent by the Youth Correction Division, U.S. Board of Parole, is not a conviction of a crime for deportation purposes.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—After entry convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit, intent to commit larceny in bank (18 U.S.C. 2113(a)), and transportation in foreign commerce of stolen motor vehicle (18 U.S.C. 2312).

The respondent, a native and citizen of Hungary, has been found deportable as an alien who after entry has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit, intent to commit larceny in a bank and transporting a stolen motor vehicle in foreign commerce in violation of 18 U.S.C. 2113(a) and 2312. An order entered by the special inquiry officer on October 13, 1967 denies the respondent's motion for a termination of the proceedings and orders his deportation to Hungary. An application for withholding deportation to Hungary pursuant to section 243(h) of the Immigration and Nationality Act was also denied. The case has been certified to the Board of Immigration Appeals for final decision.

The respondent, an unmarried male alien, 30 years of age, last entered the United States through the port of Newark, New Jersey on or about March 18, 1957. He was granted the status of a lawful permanent resident alien as of March 18, 1957 at Newark, New Jersey pursuant to the Act of July 25, 1958. He was convicted on March 14, 1960 in the United States District Court at Los Angeles, California of the

offense of entering a bank with intent to commit larceny therein in violation of Title 18 of the United States Code, section 2113(a). He was again convicted in the United States District Court at San Diego, California on June 20, 1960 of the offense of transporting a stolen vehicle in foreign commerce in violation of United States Code, Title 18, section 2312.

The respondent moves for a termination of the proceeding on the ground that his conviction for transporting a stolen motor vehicle in foreign commerce has been set aside pursuant to section 5021 of Title 18, U.S.C. Respondent takes the position that he no longer stands convicted after entry of two crimes involving moral turpitude.

The respondent, when convicted on June 20, 1960 for violation of 18 U.S.C. 2312, was 22 years of age. He was adjudged to be a young adult offender [1] pursuant to 18 U.S.C. 5010(b) and was committed to the custody of the Attorney General or his authorized representative for treatment and supervision until discharged by the Youth Correction Division. The United States Board of Parole, Youth Correction Division on October 13, 1965 issued a certificate to the respondent setting aside his conviction under 18 U.S.C. 2312 pursuant to the authority contained in section 5021, Title 18, U.S.C. The certificate is a part of the record entered as exhibit 4.

The issue before us is whether the certificate granted the respondent by the Youth Correction Division setting aside his conviction pursuant to section 5021 of Title 18, U.S.C.[2] amounts to an expungement thereby eliminating the basis for his deportability under section 241(a)(4) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(4)). The trial attorney maintains that a certificate issued under section 5021 of the Federal Youth Corrections Act is ineffective to prevent deportation because it amounts to a nonexecutive pardon.

---

[1] 18 U.S.C. 4209, Public Law 85-752 (August 25, 1958) extends the provisions of the Federal Youth Corrections Act to young adult offenders who have attained their twenty-second birthday but not their twenty-sixth birthday at the time of conviction.

[2] 18 U.S.C. 5021 provides as follows:

Section 5021. Certificate setting aside conviction.

(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.

(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

The record contains a "Certificate Setting Aside Conviction," issued by the Youth Correction Division, United States Board of Parole, Department of Justice on October 13, 1965. It provides for the unconditional discharge of the respondent and states: "In that such unconditional discharge is effective before the expiration of the maximum sentence heretofore imposed, it has been further ORDERED by said Youth Correction Division, United States Board of Parole, that his conviction be set aside pursuant to section 5021, Title 18, U.S. Code, and this certificate is hereby issued pursuant to that Order."

The respondent's conviction was set aside pursuant to section 5021 (a) of 18 U.S.C. (*supra*). This provision was enacted by the 81st Congress on September 30, 1950 as a part of Public Law 865 known as the Federal Youth Corrections Act. According to the legislative history and court decisions the purpose of Congress in passing the Act was to make available for the discretionary use of federal judges a system for the sentencing and treatment of youth offenders by permitting the substitution of correctional rehabilitation rather than retributive punishment in a penitentiary. See United States Code Congressional and Administrative News, 81st Cong., 2d Sess. 3983, 3992. Also *Briscoe* v. *United States*, 246 F. Supp. 818 (D.C. Del., 1965); *Rawls* v. *United States*, 331 F. 2d 21 (C.A. 8, 1964).

The Deputy Attorney General, in his letter of June 21, 1950 to the Congress recommending passage of the Federal Youth Corrections Act noted the fact that if the offender had "responded to treatment" and the Youth Division determined that "rehabilitation has been accomplished" the offender could be *"discharged unconditionally* before the full maximum term has expired, in which event the *conviction* shall be automatically set aside" and the youth offender issued a "certificate" to that effect. See United States Code Congressional Service, 81st Cong., 2d Sess., pp. 3391-92. (Emphasis supplied.)

The court in *Rogers* v. *United States*, 326 F. 2d 56 (C.A. 10, December 24, 1963) said:

> The Act embodies the modern concept of the treatment of young violators of the criminal laws. In place of punishment as the purpose of the pronouncement of criminal sentences, rehabilitation through treatment or "corrective and preventive guidance" is the end sought.

Since the respondent's conviction for transporting an automobile in foreign commerce has been "set aside" pursuant to the Federal Youth Corrections Act, does he now stand convicted after entry of two crimes involving moral turpitude? The special inquiry officer concludes "that the certificate issued to the respondent under 18 U.S.C. 5021, setting aside the conviction stated in allegation of fact No. 5 of the order to show cause herein, constitutes a *non-executive pardon* and cannot, therefore, affect the finding of deportability heretofore made

in respondent's case." (P. 8 of special inquiry officer opinion of June 6, 1966, emphasis supplied.) The Court of Appeals for the District of Columbia has ruled, however, that an offender committed under the provisions of the Federal Youth Corrections Act ". . . presents a marked and important difference from a criminal conviction which can be relieved only by a presidential pardon and then only to a limited extent." *Tatum* v. *United States*, 310 F. 2d 854, 856 (C.A. D.C., 1962).

The court in the *Tatum* case (*supra*) had before it the question of whether the District Court could vacate an original sentence entered under the Federal Youth Corrections Act and impose a new sentence under the Indeterminate Sentence Law rather than under the Youth Corrections Act. The court held:

> We are satisfied that the prospect of having the conviction "automatically" set aside under 18 U.S.C. § 5021 (1958) is a difference so important as to outweigh the possibility of longer confinement and to warrant the conclusion that the second sentence was more severe than the first and could not be imposed after appellant had commenced serving the sentence first imposed. The second sentence imposed will be set aside and the appellant will be resentenced under the Youth Corrections Act . . .

The court in a footnote stated:

> The provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5021 (1958) appear to provide greater relief than would a presidential pardon of the same offense. The former acts to *expunge* the conviction and the record while the latter "releases the offender from all disabilities imposed by the offense, and restores to him all of his civil rights." Citing *Knote* v. *United States*, 95 U.S. 149, 153, 24 L.ed. 442 (1877). (Emphasis supplied.)

The court stated the most important feature of the Youth Corrections Act (section 5021) was that a person sentenced thereunder "can, by virtue of his own good conduct, be spared the lifelong burden of a criminal record . . . . (and) it can, by the choice and conduct of the individual, become a *noncriminal episode* so far as the public records are concerned." (Emphasis supplies.)

The appellate trial attorney in his memorandum of June 28, 1966 takes the position that 18 U.S.C. 5021(a) does not relieve the respondent from deportation. He cites two cases in support of his position. The case of *Hernandez-Valenzuela* v. *Rosenberg* (304 F. 2d 639) presented the question of whether there had been a final conviction for deportation purposes of an alien sentenced under the Youth Offenders Act for a narcotic offense. The case is distinguishable because the alien was never granted a "Certificate Setting Aside Conviction." The court with regard to the possibility that the convinction might be set aside said: "It is true that the sentence imposed carries with it the possibiliy of congressional grace upon unconditional discharge, but such possibility of

future grace in no respect affects the present fact of guilt." The court concluded "that the possibility that a youth offender's conviction might be set aside does not in a narcotic case deprive that conviction of the finality necessary to warrant deportation." The case is also distinguishable because it appears that under 26 U.S.C. 7237 (d)* the provisions of the Youth Corrections Act is not available to a "young adult offender" convicted of a narcotic violation. (See *United States* v. *Lane*, 284 F. 2d 935, C.A. 9, 1960; also *United States* v. *Gibbs*, 285 F. 2d 225 (C.A. 9, 1960).)

The case of *Tanzer* v. *United States* relied upon by the appellate trial attorney (278 F. 2d 137, cert. den. 364 U.S. 863) is also a narcotic conviction. The court had before it the issue of whether Tanzer was to be regarded as a second offender. There is nothing in the opinion which would indicate that Tanzer was convicted as a young adult or youth offender. Furthermore, Tanzer relied upon 18 U.S.C. 3651 which concerns suspension of sentence and probation of adult offenders. The court's reference to 18 U.S.C. 5021 was merely dicta since the conviction was not set aside under the statute which governs in the case before us. It would also appear that 26 U.S.C. 7237 (d) (*supra*) is applicable to the *Tanzer* case.

It is clear from the legislative history of the Federal Youth Corrections Act (Public Law 865, 81st Cong.) that Congress intended that a "youth offender" would not have a continuing criminal record if his conviction was set aside pursuant to section 5021 of the Act. Furthermore, the Court of Appeals for the District of Columbia in *Tatum* v. *United States* (*supra*) has held that a certificate setting aside a conviction issued pursuant to 18 U.S.C. 5021 "expunges the conviction and the record" and provides a greater relief than would a presidential pardon. We conclude, therefore, that the respondent is not deportable on the charge that after entry he has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct because the conviction for transporting a stolen motor vehicle in foreign commerce in violation of 18 U.S.C. 2312 has been set aside.

Our ruling with regard to the respondent's deportability renders moot his application for relief under section 243 (h) of the Immigration and Nationality Act. An appropriate order will be entered.

**ORDER:** The order of deportation entered by the special inquiry officer on October 13, 1967 is hereby withdrawn and the proceedings pursuant to the order to show cause issued on August 17, 1960 are hereby terminated.

---

* 26 U.S.C. 7237(d) provides in substance that there shall be no suspension of imposition of sentence or granting of probation upon conviction of a narcotic violation.