09-4111-ag
Wellington v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2010

(Submitted: Monday, September 27, 2010                    Decided: Wednesday, October 20, 2010)

Docket No. 09-4111-ag

MAXINE ELIZABETH WELLINGTON,

*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney General of the United States,

*Respondent.*

Before: WALKER, CABRANES, *Circuit Judges*, and SCHEINDLIN, *District Judge.**

Petition for review of a final order of removal entered by the Board of Immigration Appeals on September 14, 2009. We hold that an alien who receives state rehabilitative treatment for a removable offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II) remains "convicted" of that offense pursuant to the definition of "conviction" in the Immigration and Nationality Act, *see* INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A), even if the alien would have been eligible for relief under the Federal First Offender Act had she been prosecuted in federal court. *See* 18 U.S.C. § 3607.

Petition denied.

---

*The Honorable Shira A. Scheindlin of the United States District Court for the Southern District of New York, sitting by designation.

1

Eric W. Schultz, Hiscock & Barclay, LLP, Buffalo, NY, *for petitioner.*

Hillel R. Smith, Trial Attorney (Tony West, Assistant Attorney General, and Anthony W. Norwood, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, *on the brief*), Washington, D.C., *for respondent.*

PER CURIAM:

Maxine Elizabeth Wellington ("petitioner" or "Wellington") petitions for review of a final order of removal entered by the Board of Immigration Appeals ("BIA") on September 14, 2009. Wellington argues that the BIA erred in finding her "convicted" of an offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II)[1] and ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[2] She

---

[1] Section 1182(a)(2)(A)(i) provides, in pertinent part:

> [A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . .
>
> (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21),
>
> is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i).

[2] Section 1229b(b)(1) provides:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien–
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) *has not been convicted of an offense under section 1182(a)(2)*, 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1) (emphasis added).

claims that she has not been "convicted" within the meaning of § 1182(a)(2)(A)(i)(II) because she received a Certificate of Relief from Disabilities ("Certificate of Relief") from the New York court with jurisdiction over her 1995 conviction for drug possession, and because she would have qualified for relief under the Federal First Offender Act had she been prosecuted in federal court. Wellington also argues that the BIA erred in declining to address the question of whether she had accrued 10 years of continuous physical presence for purposes of cancellation of removal under § 1229b(b)(1).

We hold that Wellington was "convicted" of an offense under § 1182(a)(2)(A)(i)(II). Accordingly, we affirm the BIA's decision dismissing her appeal from a denial of an application for cancellation of removal. Because Wellington is ineligible for cancellation of removal on the basis of her criminal offense, we, like the BIA, need not reach the question of whether she has accrued 10 years of continuous physical presence sufficient to satisfy § 1229b(b)(1)(A).

## BACKGROUND

Wellington is a citizen of Jamaica who entered the United States without inspection on or about January 23, 1981. On June 21, 1986, she married Steven Wellington, a United States citizen, and on October 29, 1989, she was granted temporary resident status under 8 U.S.C. § 1255a. On May 23, 1995, Wellington was convicted in New York state court of criminal possession of a controlled substance in the seventh degree (cocaine), under N.Y. Penal Law § 220.03, and sentenced to 120 days in jail. On May 13, 1996, the Immigration and Naturalization Service ("INS") sent her an order terminating her temporary resident status because of her drug conviction. *See* 8 U.S.C. § 1255a(b)(2)(B) (providing that the Attorney General shall terminate temporary resident status if an

3

alien commits an act that renders her inadmissible to the United States as an immigrant).

On February 15, 2007, Wellington was arrested and charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i)[3] as an alien who was unlawfully present in the United States without being admitted or paroled. Wellington was also charged with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of a controlled substance offense (predicated on her 1995 cocaine conviction). *See* note 1, *ante.*

On March 11, 2008, Wellington appeared before an immigration judge ("IJ") and conceded that she was removable based on her unlawful presence. She disputed, however, that she was removable based on her criminal conviction, or that her conviction would bar her from cancellation of removal under 8 U.S.C. § 1229b(b)(1). Wellington explained to the IJ that she intended to file a motion in state court to vacate her conviction. The IJ continued the case, and Wellington subsequently filed her application for cancellation of removal based on "exceptional and extremely unusual hardship" to her citizen spouse. *Id.*

On March 31, 2008, while her removal proceedings were pending, Wellington filed a motion to vacate her controlled substance conviction in New York state court because she had not received effective assistance of counsel during the prior criminal proceedings. In the alternative, Wellington requested vacatur in light of the likely immigration consequences of her conviction and the evidence of her rehabilitation since the offense. On June 27, 2008, the New York state court denied Wellington's motion to vacate the conviction, finding that the record did not demonstrate ineffective assistance of counsel under federal or state constitutional standards. However, the court issued a

---

[3] Section 1182(a)(6)(A)(i) provides:

> An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible.

8 U.S.C. § 1182(a)(6)(A)(i).

4

Certificate of Relief from Disabilities arising out of the conviction, which it believed was warranted for rehabilitative and immigration purposes.

On December 3, 2008, Wellington appeared before the IJ for a final hearing. She argued that she was statutorily eligible for cancellation of removal. She asserted that the Certificate of Relief in state court barred her prior conviction from being used as a basis for removal or as a means of precluding her from cancellation of removal. In support of her argument, Wellington relied, *inter alia*, on our decision in *Rehman v. INS*, 544 F.2d 71 (2d Cir. 1976), which held that an alien who received a Certificate of Relief for a state conviction of drug possession was not "convicted" for immigration purposes if full expungement of a federal conviction would have been available for an analogous prosecution in federal court. Wellington also argued that she had satisfied the continuous physical presence requirement for cancellation of removal. *See* § 1229b(b)(1)(A), note 2, *ante*.

At the December 3, 2008 hearing, the IJ held that *Rehman* was not controlling law. He noted that, since *Rehman* was decided, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") had been passed and the INA had been amended to include a statutory definition of "conviction." IIRIRA, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-628 (1996) (codified at 8 U.S.C. § 1101(a)(48)(A)). Pursuant to this new definition of "conviction," the BIA had held in *Matter of Roldan*, 22 I. & N. Dec. 512 (BIA 1999), that no effect was to be given to a state rehabilitative action such as an expungement or Certificate of Relief, unless the state court action was related to a substantive or procedural defect in the underlying criminal proceeding. *Matter of Roldan*, 22 I. & N. Dec. at 523. Accordingly, the IJ determined that Wellington's controlled substance conviction subjected her to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and rendered her ineligible for cancellation of removal.

On September 14, 2009, the BIA affirmed the IJ's finding that Wellington was removable

5

and that she was ineligible for cancellation of removal. The BIA substantially agreed with the IJ's analysis of the legal consequences of Wellington's drug conviction. This petition for review followed.

## DISCUSSION

An alien's claim that she has not been "convicted" under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and that she remains eligible for cancellation of removal presents a question of law, which we review *de novo*. *See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir. 2008). But "when our jurisdiction depends on the definition of a phrase used in the INA, a statute that the BIA administers, and when the intent of Congress is unclear and the agency's interpretation is reasonable," we defer to the BIA in accordance with *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). *James v. Mukasey*, 522 F.3d 250, 253-54 (2d Cir. 2008) (quotation marks omitted).

In the circumstances presented here, we review the IJ's decision as supplemented by that of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA.").

### A.

Wellington challenges the BIA's holding that she has been convicted of a "violation of . . . a State [law] . . . relating to a controlled substance," 8 U.S.C. § 1182(a)(2)(A)(i)(II), because she received a Certificate of Relief for her 1995 conviction for drug possession. The term "conviction" is defined by 8 U.S.C. § 1101(a)(48)(A), which provides:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where–

6

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A); 8 U.S.C. § 1101(a)(48)(A). This statutory definition was enacted in 1996 as part of IIRIRA. In *Saleh v. Gonzales*, 495 F.3d 17 (2d Cir. 2007), and *Mugalli v. Ashcroft*, 258 F.3d 52 (2d Cir. 2001), we held that the BIA had reasonably concluded that an alien remains "convicted" of a removable offense under § 1101(a)(48)(A) even when the conviction is vacated or accorded other rehabilitative treatment under state law. *Saleh*, 495 F.3d at 21-25; *Mugalli*, 258 F.3d at 61-62. Wellington now argues that the BIA erred when it failed to recognize an exception to this general rule which purportedly arises as a result of the provisions of the Federal First Offender Act of 1970 ("FFOA"). 18 U.S.C. § 3607.

Under the FFOA, a first-time offender who has been found guilty of an offense under the Controlled Substances Act, 21 U.S.C. § 844, may be ordered, at the discretion of the federal trial court, to serve "probation for a term of not more than one year without [the court's] entering a judgment of conviction." 18 U.S.C. § 3607(a)(2). Upon the offender's successful completion of probation, the court may dismiss the proceedings, and the FFOA provides that such dismissal "shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, *or for any other purpose*." 18 U.S.C. § 3607(b) (emphasis added).

Prior to the enactment of IIRIRA, the BIA held in *Matter of Manrique*, 21 I. & N. Dec. 58 (BIA 1995) (in banc), that an alien accorded rehabilitative treatment under a state statute would not be removed on the basis of the underlying offense if he could establish that he would have been eligible for treatment under the FFOA had he been prosecuted in federal court. *Id.* at 64. After the statutory definition of "conviction" was enacted by IIRIRA the following year (1996), the BIA

7

retreated from this position. In *Matter of Roldan*, the BIA held that a state conviction followed by rehabilitative action that was not related to a procedural or substantive defect in the underlying criminal proceeding was still "a convict[ion] within the meaning of [§] 101(a)(48)(A)," irrespective of whether the defendant could avail himself of FFOA relief had he been tried in federal court. *Matter of Roldan*, 22 I. & N. Dec. 512, 528 (BIA 1999).

The Courts of Appeals are split as to whether the rule in *Matter of Roldan* should be upheld. Five circuits have agreed with the BIA and held that there is no exception to the definition of "conviction" under the INA for aliens who receive state rehabilitative relief consistent with that available under the FFOA. *See Ballesteros v. Ashcroft*, 452 F.3d 1153, 1157-58 (10th Cir. 2006); *Resendiz-Alcaraz v. Ashcroft*, 383 F.3d 1262, 1266-71 (11th Cir. 2004); *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 328-31 (5th Cir. 2004); *Acosta v. Ashcroft*, 341 F.3d 218, 222-27 (3d Cir. 2003); *Gill v. Ashcroft*, 335 F.3d 574, 577-79 (7th Cir. 2003). All five of these courts upheld *Roldan* by applying normal principles of statutory construction, without granting *Chevron* deference to the BIA's interpretation of the statute.

The Ninth Circuit, however, in *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), rejected *Roldan*. Like the other Courts of Appeals, the Ninth Circuit found that the statute was unambiguous and that *Chevron* deference was not warranted. *Id.* at 748-49. The court reached the opposite conclusion about the statute's meaning, however, concluding that an exemption to the definition of "conviction" *existed* for state rehabilitative relief consistent with that available under the FFOA. *Id.* at 749.

In its opinion, the *Lujan-Armendariz* court asserted that the BIA had interpreted IIRIRA as having partially repealed the FFOA. *Id.* at 738 n.18. The court then held that IIRIRA clearly did not repeal the FFOA and that, accordingly, the BIA's interpretation of the applicable statutory

8

provisions could not be afforded *Chevron* deference. *Id.* at 749. Finally, the court reasoned as follows: (1) Ninth Circuit precedents prohibiting removal of aliens who receive relief under the FFOA remain viable post-IIRIRA, *see Garberding v. INS*, 30 F.3d 1187, 1190 (9th Cir. 1994); *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 811 (9th Cir. 1994); and (2) consequently, principles of equal protection require that the same privileges be accorded to similarly-situated aliens who receive relief under state rehabilitative statutes. *See Lujan-Armendariz*, 222 F.3d at 738, 743-49. The court emphasized that it could not identify a "rational reason to reach different results based on the mere fortuity that the state, and not the federal government, prosecut[ed] an alien for a particular offense." *Id.* at 738 (quotation marks omitted).

Following *Lujan-Armendariz*, the BIA reaffirmed its commitment to the standard set forth in *Roldan*, holding in *Matter of Salazar*, 23 I. & N. Dec. 223 (BIA 2002), that "except in the Ninth Circuit, a first-time simple drug possession offense expunged under a state rehabilitative statute is a conviction under § 101(a)(48)(A) of the [INA]." *Id.* at 235.

**B.**

In our circuit, Wellington's petition for review presents a question of first impression. For present purposes, we assume, without deciding, that an exception to the definition of "conviction" provided in § 101(a)(48)(A) of the INA exists for aliens whose federal charges were dismissed under the FFOA. *See Acosta v. Ashcroft*, 341 F.3d 218, 224 n.7 (3d Cir. 2003) (observing that neither the BIA nor the Courts of Appeals [except the Ninth Circuit] have "decided whether proceedings that have been dismissed under the FFOA should be excepted from the definition of conviction provided in [§] 101(a)(48)(A) of the INA."). We also assume that Wellington would have been eligible for FFOA treatment had she been charged with drug possession in federal court under the Controlled Substances Act. *See* 21 U.S.C. § 844. Nevertheless, we conclude that Wellington's claim

9

that she has not been "convicted" under the INA to be without merit.

In *Saleh v. Gonzales*, 495 F.3d 17 (2d Cir. 2007), we held that INA § 101(a)(48)(A) was ambiguous with respect to the treatment of convictions subject to rehabilitative treatment. As we stated in *Saleh*, the language of the statute "permits a spectrum of possible interpretations," from treating a conviction subject to state rehabilitative relief "as if it never occurred," to "no post-conviction relief whatsoever" for an alien whose offense constitutes grounds for removal. *Id.* at 22. Under our circuit law, then, the statute is "silent or ambiguous" with respect to Wellington's claims, and we are thus required under the *Chevron* doctrine to consider only whether the BIA has adopted "a permissible construction of the statute." *Chevron*, 467 U.S. at 843.

We see no basis to contradict the BIA's position in *Matter of Roldan* or its decision dismissing Wellington's appeal. Even if the FFOA in fact precludes application of the INA's definition of "conviction" to offenses dismissed under 18 U.S.C. § 3607, there is no reason to create an additional, implied exception for state rehabilitative treatment on the basis of an analogy to § 3607. The statutory language certainly does not compel the BIA to enforce an implied exception. Nor does the legislative history, which, if anything, supports the BIA's desired interpretation. *See, e.g.*, H.R. Conf. Rep. No. 104-828, at 224 (1996) (stating that IIRIRA "deliberately broadens the scope of the definition of 'conviction'" in an effort to address the problem that "aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered 'convicted' have escaped the immigration consequences normally attendant upon a conviction.") In sum, the BIA's refusal to recognize an implied exception to § 101(a)(48)(A) is "rational and consistent with the statute." *See Saleh*, 495 F.3d at 22 (internal quotation marks omitted).

Wellington relies upon our decision in *Rehman v. INS*, 544 F.2d 71 (2d Cir. 1976), to argue that her 1995 drug offense cannot qualify her for removal or render her ineligible for cancellation of

10

removal. In *Rehman*, we held that an alien who received a Certificate of Relief for a marijuana conviction had not been "convicted" for immigration purposes where full expungement of a federal conviction would have been available if he had been prosecuted in federal court. *Rehman*, 544 F.2d at 75. But *Rehman* was decided long before the enactment of the statutory definition of "conviction" under the INA. At the time of *Rehman*, the federal courts and the BIA, as a matter of federal common law, recognized certain rehabilitative measures for purposes of alien removal. *See, e.g., Mestre Morera v. INS*, 462 F.2d 1030, 1031-32 (1st Cir. 1972); *Matter of Nagy*, 12 I. & N. Dec. 623 (BIA 1968); *Matter of G–*, 9 I. & N. Dec. 159 (BIA 1960); *Matter of O–T–*, 4 I. & N. Dec. 265 (BIA 1951); *but see Kolios v. INS*, 532 F.2d 786, 788-90 (1st Cir. 1976). As we have explained above, circumstances since then have changed. The BIA is now bound by Congress's definition of "conviction" in 8 U.S.C. § 1101(a)(48)(A). And we, in turn, under our own precedent, *see Saleh*, 495 F.3d at 22, accord *Chevron* deference to the BIA's interpretation of Congress's definition.

Finally, notwithstanding our dictum in *Rehman* that "[t]here is no sound reason why state policies should not be accorded the same respect as federal leniency policies," 544 F.2d at 74, there arguably is a rational basis for distinguishing between aliens whose criminal cases are dismissed under the FFOA and aliens who receive Certificates of Relief or similar state rehabilitative relief. As then-Judge Alito observed in *Acosta v. Ashcroft*:

> Congress could have thought that aliens whose federal charges are dismissed under the FFOA are unlikely to present a substantial threat of committing subsequent serious crimes. By contrast, Congress may have been unfamiliar with the operation of state schemes that resemble the FFOA. Congress could have worried that state criminal justice systems, under the pressure created by heavy case loads, might permit dangerous offenders to plead down to simple possession charges and take advantage of those state schemes to escape what is considered a conviction under state law.

341 F.3d at 227. Accordingly, we hold that a Certificate of Relief or similar state rehabilitative treatment does not preclude use of the underlying offense as a basis for removal under 8 U.S.C.

11

§ 1182(a)(2)(A)(i)(II) or as a basis for ineligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1), unless the relief was related to a procedural or substantive defect in the criminal proceedings.

## CONCLUSION

We have considered all of Wellington's arguments and find them to be without merit. We hold that the BIA permissibly construed 8 U.S.C. § 1101 in *Matter of Roldan*. Accordingly, we conclude that the agency did not err in finding Wellington "convicted" of an offense within the meaning of § 1182(a)(2)(A)(i)(II) and thus ineligible for cancellation of removal under § 1229b(b)(1). Because we dispose of Wellington's petition for review on these grounds, we need not reach the question of whether Wellington accrued 10 years of continuous physical presence sufficient to satisfy the requirements of § 1229b(b)(1)(A).

The petition for review is therefore **DENIED**. As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED**.