Porres v. Holder

BIA
Straus, I.J.
A087 643 113
A087 643 114

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        DENNY CHIN,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

JUAN CARLOS PORRES, AKA JUAN CARLOS PORRES MUNOZ, BRENDA LISSETTE RODRIGUEZ DE PORRES,
        *Petitioners,*

        v.                                    11-4754
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Randy Olen, Providence, Rhode
                        Island.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Thomas B. Fotouros, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Juan Carlos Porres and Brenda Lissette Rodriguez De Porres, natives and citizens of Guatemala, seek review of a September 29, 2011, decision of the BIA affirming the July 1, 2010 decision of Immigration Judge ("IJ") Michael W. Straus denying their applications for cancellation of removal and denying Mr. Porres's application for withholding of removal. *In re Juan Carlos Porres, Brenda Lissette Rodriguez De Porres*, Nos. A087 643 113/114 (B.I.A. Sept. 29, 2011) ("BIA Decision"), *aff'g* No. A087 643 113/114 (Immig. Ct. Hartford July 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We lack jurisdiction to review "any judgment regarding the granting of relief under" § 240A of the Immigration and

Nationality Act, including the agency's determination that the petitioners failed to establish the requisite hardship. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction to review constitutional claims or questions of law raised in a petition for review, and review those claims *de novo*. *See Wellington v. Holder*, 623 F.3d 115, 118 (2d Cir. 2010) (per curiam).

Petitioners argue that the agency "overlooked and mischaracterized evidence" when it concluded that they failed to establish that their U.S.-citizen children would suffer an "exceptional and extremely unusual hardship" warranting cancellation of removal. *See* 8 U.S.C. § 1229(b)(1). Specifically, Petitioners argue that the agency overlooked the drastic change in economic circumstances their family would suffer, the educational opportunities and quality health care their children would lose, and the dangerous conditions they would face in Guatemala. Petitioners have not shown, however, that the agency "*totally* overlooked" or "*seriously* mischaracterized" any facts related to conditions in Guatemala. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (*per curiam*) (emphasis added). The BIA acknowledged that Petitioners'

U.S.-citizen children would experience financial hardship, diminished educational opportunities, and other difficulties adapting to a new culture in Guatemala, but concluded that "these hardships are typical of those experienced when a qualifying relative is removed from the United States." BIA Decision at 2. Rather than raising constitutional claims or questions of law, Petitioners' arguments amount to "essentially a quarrel about fact-finding or the exercise of discretion" by the agency. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). Accordingly, this Court lacks jurisdiction to review the agency's discretionary hardship determination.

Petitioners also argue that the agency erred in denying Mr. Porres's application for withholding of removal because it failed to define correctly their particular social group. Because Petitioners failed to raise this issue in their brief to the BIA, we decline to consider it. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk