13-3922-ag
*Lozada v. Holder*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fourteen.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALFREDO GEOBANNY LOZADA, AKA ALFREDO GIOVANNY LOZADA, AKA ALFREDO G. LOZADA,

            *Petitioner,*

            -v.-                                                        No. 13-3922-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

            *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**        H. RAYMOND FASANO, New York, NY.

**FOR RESPONDENT:**        SIU P. WONG, Trial Attorney, Office of Immigration Litigation, *for* Stuart F. Delery, Assistant Attorney General, United States Department of Justice, Washington, D.C.

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Alfredo Geobanny Lozada, a native and citizen of Ecuador, seeks review of a September 19, 2013, decision of the BIA affirming the October 25, 2011, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Alfredo Geobanny Lozada,* No. A088 437 384 (BIA Sept. 19, 2013), *aff'g* No. A088 437 384 (Immig. Ct. N.Y. City Oct. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.[1]

The Attorney General may cancel removal if an alien demonstrates, in relevant part, that he "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain] offense[s] . . .; and (D) establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States . . . ." 8 U.S.C. § 1229b(b)(1).

Here, the IJ denied Lozada's application for cancellation of removal on the grounds that he failed to establish that he had continuously resided in the United States for the ten years prior to being placed in removal proceedings, or that his removal would cause his U.S. citizen son exceptional and extremely unusual hardship. CAR at 15–32. The IJ also found that, in light of Lozada's two DWI convictions and his arrest for assaulting a former girlfriend, Lozada did not warrant cancellation as a matter of discretion. *Id.* The BIA, in dismissing Lozada's appeal, agreed with the IJ that Lozada had not established that his removal would cause exceptional and extremely unusual hardship to his son. Because the hardship determination was "dispositive of the request for cancellation of removal," the BIA "d[id] not reach the IJ's findings or arguments on appeal with respect to the admission of Mr. Lozada's criminal record, his good moral character, or the continuous physical presence required for cancellation of removal." *Id.* at 4.

The BIA reviewed *de novo* the IJ's determination of whether petitioner's removal would result in an "exceptional and extremely unusual hardship" to any of his qualifying relatives. Because the BIA did not explicitly adopt the IJ's decision in its analysis, we review only the BIA's decision. *See Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008). Accordingly, the only issue before us is the BIA's determination that Lozada failed to demonstrate that his removal would cause his U.S. citizen son exceptional and extremely unusual hardship as required to establish eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Although we lack jurisdiction to review this finding by the BIA, *see* 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir. 2008), we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), for which our review is *de novo*, *see Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). The only

---

[1] "CAR" denotes the Certified Administrative Record.

question of law for which we retain jurisdiction is, therefore, whether the BIA's failure to address all of the statutory requirements for cancellation of removal was legal error, such that this Court is required to vacate and remand.

"As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Hibbert v. INS*, 554 F.2d 17, 22 (2d Cir. 1977) ("[W]e see no reason to depart from the general rule and require the immigration judge to arrive at purely advisory findings and conclusions as to statutory eligibility."). If an applicant for cancellation of removal fails to satisfy any requirement for such discretionary relief, the BIA need not consider whether that applicant has satisfied any of the other requirements. *See Wellington v. Holder*, 623 F.3d 115, 117 (2d Cir. 2010) ("Because Wellington is ineligible for cancellation of removal on the basis of her criminal offense, we, like the BIA, need not reach the question of whether she has accrued 10 years of continuous physical presence sufficient to satisfy § 1229b(b)(1)(A)."). Accordingly, Lozada's sole legal challenge to the agency's denial of cancellation of removal is without merit.

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court